J-S52020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS MCKEITHAN, | |
| Appellant | No. 2318 EDA 2013 |

Appeal from the PCRA Order entered July 15, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0101441-1983,
CP-51-CR-0101451-1983, CP-51-CR-0101481-1983,
CP-51-CR-0101491-1983, CP-51-CR-010-1501-1983,
CP-51-CR-0101561-1983 & CP-51-CR-0101641-1983

BEFORE:  GANTMAN, P.J., ALLEN and FITZGERALD*, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED AUGUST 28, 2014**

Dennis McKeithan ("Appellant") appeals from the order denying his latest petition for relief under the Post Conviction Relief Act ("PCRA")[1] as time-barred.  We affirm.

The PCRA court summarized the pertinent facts and protracted procedural history as follows:

> On October 26, 1982, Appellant and three (3) of his cohorts armed themselves and entered the "Sweet Love Lounge" at 25[th] and Cambria Streets in Philadelphia, and proceeded to rob twelve (12) patrons.  Appellant personally robbed victims Theresa Samuels, Lynewood

_____

[1] 42 Pa.C.S.A. §§ 9541-46.


*Former Justice specially assigned to the Superior Court.

Kitchen, Richard Lee, and Carl Cooper at the point of his shotgun. After robbing Cooper, Appellant repeatedly punched him in the face, and yelled, "we ought to kill this one."

At a jury trial . . . seven (7) eyewitnesses positively identified Appellant as one of the robbers. Five (5) of the witnesses had recognized Appellant from having seen him around the neighborhood. Appellant also testified, admitting that he was in the bar at the time of the robberies, but denying he was a perpetrator.

On June 3, 1983, the jury found Appellant guilty of five (5) counts of robbery, and one (1) count each of criminal conspiracy and possession of an instrument of crime (PIC). On April 10, 1984, [the trial court] denied post-verdict motions and, citing Appellant's brutal role in the robberies and violent criminal past, sentenced him to an aggregate term of 57-115 years' incarceration. Two months later, [the trial court] vacated Appellant's conviction for PIC and the accompanying sentence of 2 to 5 years, rendering an aggregate sentence of 55 to 110 years' incarceration.

Represented by new counsel, Appellant filed a direct appeal. On May 10, 1985, the Superior Court affirmed Appellant's judgment of sentence. On January 1994 - - nearly ten (10) years later - - Appellant filed his first PCRA petition. New counsel was appointed[.] On August 7, 1995, [the PCRA court] denied Appellant's petition both on procedural and substantive grounds.

Appellant alleges that he thereafter timely filed a notice of appeal, but that, on June 6, 1996, the Superior Court informed him that it had not received any filings. On January 16, 1997, more than seven (7) months after allegedly learning that the [Superior] Court had no record of his alleged notice of appeal, Appellant filed a second PCRA petition. [O]n September 18, 1997, [the PCRA court] dismissed it as untimely under the PCRA's jurisdictional time bar. The Superior Court affirmed the dismissal on July 20, 1999.

More than one (1) year later, Appellant filed another PCRA petition - - his third - - which he styled as a "Motion to Correct Illegal Sentence". [N]ew counsel was appointed. On May 8, 2001, [the PCRA court] dismissed

the petition as untimely. While his third petition was pending, on February 26, 2001, Appellant filed a *habeas corpus* petition in the U.S. District Court for the Eastern District of Pennsylvania. [A] fifth attorney was appointed to represent him. [The federal district court] dismissed the petition with prejudice as untimely. The Third Circuit Court of Appeals affirmed the dismissal, and on February 22, 2005, the United States Supreme Court denied *certiorari*.

On August 22, 2008 - - three and one-half (3½) years later - - Appellant commenced the current proceedings by filing a fourth *pro se* PCRA petition. On July 8, 2010, [the PCRA court] issued a notice of intent to dismiss the petition as untimely filed, pursuant to [Pa.R.Crim.P.] 907. On July 23, 2010, Appellant filed a response and objection to the Rule 907 notice, followed by an amended petition on December 8, 2010.

The matter subsequently was reassigned . . . and on July 19, 2012, current counsel was appointed to represent Appellant. On January 18, 2013, counsel filed an amended PCRA petition, and on April 25, 2013, the Commonwealth filed a Motion to Dismiss.

PCRA Court Opinion, 12/10/13, at 1-3 (footnote omitted).

On June 18, 2013, the PCRA court issued Pa.R.A.P. 907 notice of its intent to dismiss Appellant's petition. Appellant did not file a response. By order entered July 15, 2013, the PCRA court dismissed Appellant's latest PCRA petition as untimely. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

I. Whether the PCRA [court] was in error in finding that the PCRA petition was untimely.

II. Whether the PCRA [court] was in error in denying Appellant's PCRA petition without an evidentiary hearing on the issues raise[d] in the amended PCRA petition.

Appellant's Brief at 7. We address Appellant's claims together.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001). Finally, because this is a serial petition for post-conviction relief, Appellant must meet a more stringent standard. "A second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Burkhardt*, 833 A.2d 233, 236 (Pa. Super. 2003) (*en banc*) (citations omitted). "A petitioner makes a *prima facie* showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." *Id.*

We first determine whether Appellant's PCRA petition was timely. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v.*

*Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Appellant did not file a petition for *allocatur* following this Court's affirmance of his judgment of sentence on or about June 10, 1985, after the thirty-day period for requesting such relief expired. ***See*** 42 Pa.C.S.A. 9543(b)(3). Appellant had to file this petition on or about June 10, 1986, in order for it to be timely.[2] As Appellant filed the instant petition almost fourteen years later, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to plead and prove any exception to the PCRA's time bar. Within his latest PCRA petition, Appellant asserts that his recent discovery of affidavits from various witnesses rendered his latest petition timely under section 9545(b)(1)(ii). This exception requires that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii).

---

[2] When, as here, the judgment of sentence became final prior to January 16, 1996, the effective date of the 1995 amendments to the PCRA, a first PCRA petition would be deemed timely filed if it was filed within one year of that date. ***See Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999). However, this grace period does not apply to serial petitions such as Appellant's fourth. ***See Commonwealth v. Crawley***, 739 A.2d 108 (Pa. 1999).

The PCRA court found no merit to Appellant's claim, reasoning as follows:

> In the instant petition, Appellant alleges that he commenced the current PCRA proceedings within 60 days of discovering "new" evidence, to wit, that Carl Cooper - - one of **seven (7) eyewitnesses** who positively identified Appellant as one of the robbers – - had lied about being a former police officer (when he really had [only] attended the police academy). Appellant also contends that Mr. Cooper lied about previously encountering Appellant at a 7-Eleven convenience store that Mr. Cooper had "run" (when he allegedly was not a manager there).
>
> Appellant concedes that the above information could have been ascertained decades earlier with the exercise of due diligence. He nonetheless faults each of his previous three (3) court-appointed counsel for not bringing this information to light, alleging that "the essential problem is that [Appellant] was denied the assistance of competent trial counsel – and was denied the ability to challenge this ineffectiveness because of the subsequent ineffectiveness of his appellate and post-conviction counsel."
>
> Dismissal of Appellant's petition was appropriate in this case. It is well settled that ineffective assistance claims do not comprise an exception to the PCRA's time-bar provision. 42 Pa.C.S. § 9545(b)(4)[.] Moreover, while a petitioner may obtain otherwise untimely PCRA relief where there has been a "complete denial" or "abandonment" of counsel - - such **very limited circumstances** are neither alleged, nor apply here.
>
> Here, conversely, Appellant alleges that prior counsel "dropped the issues [Appellant] raised in his original petition" in favor of pursuing a claim that "trial counsel was ineffective for not properly arguing against the excessive sentence of the trial judge." This does **not** amount to *per se* ineffectiveness as promulgated by the Pennsylvania Supreme Court. As such, Appellant's petition is time-barred.
>
> Moreover, even if there were a complete deprivation of counsel in this case - - and the record, including

Appellant's own allegations, make plain there was not - - Appellant **still** would have to plead and prove that he filed the instant PCRA petition within sixty days of discovering the alleged deprivation.

Here, Appellant alleges that he discovered the above facts "**after** encountering other prisoners who had been convicted on the strength of Cooper's testimony." Critically, Appellant does not allege when he specifically discovered this information. Rather, he alleges that after learning of this information from fellow inmates, he contacted Mr. Starger to further investigate Mr. Cooper's background.

In Mr. Starger's Affidavit, he swears and deposes that "[i]n May of 2008, at the request of [Appellant] I began an investigation into claims made by a witness in [Appellant's] trial - - Carl Cooper." Thus, even calculating from **any** day in May 2008, Appellant's petition, filed on August 22, 2008, was filed well beyond the 60-day time limitation. As such it is plain from the record that Appellant has not satisfied, nor could he satisfy, his burden of pleading and proving the requirements of section 9545(b)(2). Accordingly, his petition was correctly dismissed.

PCRA Court Opinion, 12/10/13, at 8-10 (citations and footnotes omitted).

Appellant first challenges the PCRA court's determination that he did not plead and prove that he filed his latest petition within sixty days of discovering the evidence regarding Mr. Cooper's testimony. According to Appellant, the PCRA court erred in determining "he fell afoul of the 60-day requirement" of section 9545(b)(2), because that conclusion was based "on contested material facts" requiring an evidentiary hearing. Appellant's Brief at 14.

"[T]he 60-day rule requires a [PCRA] petitioner to plead and prove that the information on which he relies could not have been obtained earlier,

despite the exercise of due diligence." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010). Even if we were to conclude that Appellant arguably established his own due diligence in discovering this "new evidence," we nevertheless agree with the PCRA court's conclusion that Appellant failed to establish an exception to the PCRA's time-bar.

This Court explained:

> To invoke the after-discovered evidence exception to the PCRA time-bar successfully, [a PCRA petitioner] must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) the evidence is not being used solely to impeach credibility; and (4) the evidence would likely compel a different verdict.

***Commonwealth v. Holmes***, 905 A.2d 507, 511 (Pa. Super. 2006).

Appellant does not even attempt to establish any of these factors. Instead, he claims that the evidence regarding Mr. Cooper's testimony could have been discovered by due diligence had all of his prior counsel not been ineffective. Accordingly, Appellant has invoked "attorney abandonment" as a basis for invoking a timeliness exception to the PCRA. ***See Commonwealth v. Huddleston***, 55 A.3d 1217, 1220-21 (Pa. Super. 2012) (examining precedent regarding "attorney abandonment" basis as an exception to the PCRA's time bar). Our review of the record supports the PCRA court's conclusion that Appellant cannot benefit from such a claim. Although Appellant's sentencing claim raised in a previous PCRA petition was found to be non-cognizable under the PCRA, the multiple, subsequent post-

conviction filings by Appellant in both state and federal court, *see supra*, belie his "attorney abandonment" claim.

Moreover, Appellant cannot establish that his "new evidence" regarding Mr. Cooper's testimony warranted post-conviction relief. Clearly, Mr. Cooper's testimony was cumulative of the other *six* witnesses who positively identified Appellant as one of the men who robbed them. In addition, Appellant's allegation that Mr. Cooper "perjured" himself with regard to certain parts of his testimony, could only be used to impeach Mr. Cooper's testimony. Finally, the matters of which Appellant complains, the fact that Mr. Cooper was never a police officer, and did not "run" a 7-Eleven, were only of tangential relevance to Appellant's trial. A review of the record indicates that, over defense counsel's relevancy objection, Mr. Cooper was permitted to explain why, as a businessman, he had approximately $500.00 on his person, and although Mr. Cooper never was a police officer, his training at a police academy led to his familiarity with guns. *See e.g.*, N.T., 5/27/83, at 2.175-2.185. Even if these inconsistencies were presented to a jury, we cannot conclude, given the positive identification evidence from six other witnesses, that they would "compel a different verdict." *Holmes*, *supra*.

In sum, our review of the record supports the PCRA court's determination that Appellant's latest PCRA is patently untimely, and Appellant has not met his burden of establishing an exception to the PCRA's time bar. The PCRA court correctly determined that it lacked jurisdiction to

address the substantive claims raised by Appellant. **Beasley**, **supra**. Accordingly, the PCRA court did not err in denying Appellant's claim without a hearing. **Jordan**, **supra**. We thus affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2014