J.S29031/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN WESLEY LEGGETT, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1519 WDA 2015 |

Appeal from the PCRA Order September 2, 2015
in the Court of Common Pleas of Erie County Criminal Division
at No(s): CP-25-CR-0000685-1999

BEFORE: BENDER, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED APRIL 14, 2016**

Appellant, John Wesley Leggett, appeals *pro se* from the order of the Erie County Court of Common Pleas dismissing his seventh Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant contends that his August 30, 1999 sentence for robbery inflicting serious bodily injury,[2] conspiracy to commit robbery,[3] simple assault,[4] criminal attempt to commit

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3701(a)(1)(i).

[3] 18 Pa.C.S. § 903(a)(1).

[4] 18 Pa.C.S. § 2701(a)(3).

homicide/murder,[5] and aggravated assault[6] is illegal under **Alleyne v. United States**, 133 S. Ct. 2151 (2013). We affirm.

We adopt the procedural posture as set forth by the PCRA court. PCRA Ct. Op., 11/25/15, at 1-4. Appellant was sentenced to seven to twenty years' imprisonment for robbery, six to fifteen years' imprisonment for conspiracy to commit robbery and ten to twenty years' imprisonment for criminal attempt. For sentencing purposes, simple assault merged with his robbery conviction and aggravated assault merged with criminal attempt. The PCRA court noted that the jury also found Appellant guilty of carrying a firearm without a license. **Id.** at 2, n.1. "[T]his charge was later demurred." **Id.**

Appellant raises the following issues on appeal:

A. Did the court of Common Pleas error [sic] by dismissing Appellant's Post Conviction Petition?

B. Is the deadly weapons enhancement an element that should have been submitted to the jury, and found beyond a reasonable doubt since it increases the penalty for a crime?

C. Is the Appellant serving an illegal sentence under 42 Pa.C.S.A. 9712, according to the ruling made in **Commonwealth v. Newman**, [99 A.3d 86 (Pa. Super. 2014) (*en banc*)], and **Alleyne v. United States**, 133 S. Ct. 2151 (2013)?

Appellant's Brief at VI.

---

[5] 18 Pa.C.S. 901(a).

[6] 18 Pa.C.S. § 2702(a)(4).

When analyzing the dismissal of a PCRA petition, "an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

As a prefatory matter, we consider whether the instant PCRA petition is timely. The timeliness of a PCRA petition is a threshold question that implicates the jurisdiction of a court to consider the merits of the relief requested. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa. Super. 2014).

> To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S. § 9545(b)(1).

> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). A petitioner fails to satisfy the 60–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier.

***Commonwealth v. Marshall***, 947 A.2d 714, 719-20 (Pa. 2008) (some citations omitted). "[A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at [42 Pa.C.S. § 9545] are met." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (footnote omitted).

Appellant was sentenced on August 30, 1999. This Court affirmed his judgment of sentence on September 15, 2000. ***Commonwealth v. Leggett***, 1667 WDA 1999 (unpublished memorandum) (Pa. Super. Sept. 15, 2000). On February 10, 2005, the Pennsylvania Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Leggett***, 868 A.2d 451 (Pa. 2005). Appellant's judgment of sentence became final on May 11, 2005, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. ***See*** 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the

review[ ]"); **see also** U.S. Sup. Ct. R. 13(1). Appellant had until May 11, 2006, to file his PCRA petition. Therefore, the instant PCRA petition, filed on March 12, 2015, is untimely.

Appellant avers that because he is serving an illegal sentence pursuant to **Alleyne**, the court erred in dismissing his petition as untimely. He posits that **Alleyne** applies retroactively. Appellant's Brief at 7. Appellant argues that this Court in **Newman** held that **Alleyne** applies retroactively. **Id.** We find no relief is due.

This Court in **Newman** observed that the defendant was entitled to retroactive application of **Alleyne** because his "case was still pending on **direct appeal** when **Alleyne** was handed down[.]" **Id.** at 90 (emphasis added). In the case *sub judice*, Appellant's sentence was final when **Alleyne** was decided. This Court has considered whether **Alleyne** entitles an untimely PCRA petitioner to relief under Section 9545(b)(1)(iii).

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to [the a]ppellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

**Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (citations omitted).

Appellant's judgment of sentence was final on May 11, 2005, thus his PCRA petition, filed on March 12, 2015 is facially untimely. Appellant contends **Alleyne** applies retroactively. However, **Miller** held that **Alleyne** does not apply retroactively. **Id.** Therefore, Appellant did not plead and prove any exception to the PCRA's timeliness requirement. **See Marshall**, 947 A.2d at 719-20; **Lawson**, 90 A.3d at 5. The PCRA court did not err in dismissing his PCRA petition as untimely. **See Pitts**, 981 A.2d at 878; **Marshall**, 947 A.2d at 719-20. Thus, the PCRA court lacked jurisdiction to consider the legality of Appellant's sentence. **See Davis**, 86 A.3d at 887.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/14/2016</u>

COMMONWEALTH OF PENNSYLVANIA   :   IN THE COURT OF COMMON PLEAS
  :   OF ERIE COUNTY, PENNSYLVANIA

v.   :   CRIMINAL DIVISION

  :

JOHN WESLEY LEGGETT   :   No. 685 of 1999

APPEARANCES:    John Wesley Leggett, *Pro se*, Appellant

Nathaniel E. Strasser, Erie County Assistant District Attorney, for the
Commonwealth of Pennsylvania, Appellee

## OPINION

Domitrovich, J., November 25th, 2015

The instant matter is currently before the Pennsylvania Superior Court on the Appeal of John Wesley Leggett (hereafter referred to as "Appellant") from this Trial Court's Opinion and Order dated September 2nd, 2015, whereby this Trial Court dismissed Appellant's seventh (7th) Petition for Post-Conviction Collateral Relief (hereafter referred to as "PCRA Petition"). Appellant's 7th PCRA Petition, which argued Appellant's current sentence of incarceration was illegal and unconstitutional pursuant to the United States Supreme Court's holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), was patently untimely as it was filed nine (9) years after Appellant's judgment of sentence became final, and Appellant failed to prove any of the three (3) timeliness exceptions pursuant to 42 Pa. C. S. §9545(b)(1). Furthermore, assuming *arguendo* Appellant's 7th PCRA Petition was filed timely, this Trial Court concluded Appellant would not be entitled to any relief as the holding in *Alleyne v. United States* does not apply to "Deadly Weapon Enhancements," which was applied to Appellant's sentence; rather, *Alleyne* only held any fact which increases the **mandatory minimum** sentence is an "element" which must be submitted to a jury.

**Factual and Procedural History**

Appellant was found guilty by a jury of Count 1 – Robbery: Inflicting Serious Bodily Injury, in violation of 18 Pa. C. S. §3701(a)(1)(i); Count 2 – Conspiracy to Commit Robbery, in violation of 18

1

Pa. C. S. §903(a)(1); Count 3 – Simple Assault, in violation of 18 Pa. C. S. §2701(a)(3); Count 4 – Criminal Attempt: Criminal Homicide/Murder, in violation of 18 Pa. C. S. §901(a); and Count 5 – Aggravated Assault, in violation of 18 Pa. C. S. §2702(a)(4).[1] Thereafter, on August 30th, 1999, this Trial Court sentenced Appellant as follows: at Count 1, Appellant was sentenced to serve seven (7) to twenty (20) years state incarceration; at Count 2 Appellant was sentenced to serve six (6) to fifteen (15) years state incarceration consecutive to the sentence imposed at Count 1; and at Count 4 Appellant was sentenced to serve ten (10) to twenty (20) years state incarceration consecutive to the sentence imposed at Count 2.[2]

On October 1st, 1999, Appellant filed a Notice of Appeal, in which Appellant challenged the sufficiency of evidence presented at the trial conducted before this Trial Court and the denial of his Pre-Trial Motion to suppress photographic identification evidence. On September 15th, 2000, in a Memorandum Opinion, the Pennsylvania Superior Court affirmed this Trial Court's judgment of sentence.

On February 12th, 2001, Appellant filed his first PCRA Petition. On February 14th, 2001, William J. Hathaway, Esq., was appointed by this Trial Court as Appellant's PCRA counsel. However, on March 30th, 2001 due to a conflict of interest in that Attorney Hathaway represented Appellant's Co-Appellant, this Trial Court granted Attorney Hathaway's Petition for Leave of Court to Withdraw as Counsel, and this Trial Court appointed Charbel G. Latouf, Esq., as Appellant's subsequent PCRA counsel. Thereafter, on September 27th, 2001, this Trial Court dismissed Appellant's first PCRA Petition. On October 10th, 2001, Appellant filed a Notice of Appeal. On March 1st, 2004, the Pennsylvania Superior Court addressed the merits of Appellant's appeal and affirmed this Trial Court's September 27th, 2001 Order, which dismissed Appellant's first PCRA Petition.

---

[1] This Trial Court notes the jury also found Appellant guilty of Carrying a Firearm without A License codified at 18 Pa. C. S. §6106(a); however, this charge was later demurred.

[2] For sentencing purposes, Count 3 merged into Count 1, and Count 5 merged into Count 4.

2

On May 14th, 2004, Appellant filed his second PCRA Petition, in which Appellant claimed he was afforded ineffective assistance of counsel because John Kent Lewis, Esq., Appellant's previous appellate counsel, failed to inform Appellant of his right to file an appeal to the Pennsylvania Supreme Court from the Pennsylvania Superior Court's March 1st, 2004 Opinion. Subsequently, this Trial Court appointed James A. Pitonyak, Esq. as Appellant's PCRA counsel, and on June 24th, 2004, Attorney Pitonyak filed Appellant's Supplemented Motion For Post-Conviction Collateral Relief, in which Attorney Pitonyak argued for Appellant's right to direct appeal to the Pennsylvania Supreme Court be reinstated *nunc pro tunc*. Thereafter, on August 25th, 2004, upon no objection by the Commonwealth, this Trial Court granted Appellant's second PCRA Petition to the extent that Appellant's right to file a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania was reinstated. On September 27th, 2004, Appellant filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, and on February 10th, 2005, the Pennsylvania Supreme Court denied Appellant's Petition.

On June 9th, 2008, Appellant filed his third PCRA Petition. On June 25th, 2008, this Trial Court appointed Alison M. Scarpitti, Esq. as Appellant's PCRA counsel, and on December 1st, 2008, Attorney Scarpitti filed a Petition to Withdraw as Counsel and No Merit Letter, in which Attorney Scarpitti stated Appellant had failed to state a colorable claim for Post-Conviction Collateral Relief. On April 17th, 2009, this Trial Court entered an Order dismissing Appellant's third PCRA.

On September 16th, 2009, Appellant filed his fourth PCRA Petition. On January 15th, 2010, this Trial Court entered an Order dismissing Appellant's fourth PCRA. On February 3rd, 2012, Appellant filed a Notice of Appeal. On April 13th, 2012, the Pennsylvania Superior Court affirmed this Trial Court's Order dismissing Appellant's fourth PCRA.

On June 21st, 2012, Appellant filed his fifth PCRA Petition. On August 7th, 2012, Appellant filed an Amended Petition for Post-Conviction Collateral Relief. This Trial Court dismissed Appellant's fifth PCRA on September 28th, 2012. Appellant filed a Notice of Appeal on October 29th,

3

2012 and the Pennsylvania Superior Court dismissed Appellant's appeal for failure to file a brief on May 21st, 2013.

Appellant filed a Praecipe for Writ of Habeas Corpus *Ad Subjiciendum*, which this Trial Court treated as Appellant's sixth PCRA petition, on November 22nd, 2013. On December 17th, 2013, this Trial Court entered an Order dismissing Appellant's sixth PCRA petition. Appellant filed a Notice of Appeal on January 16th, 2014 and the Pennsylvania Superior Court dismissed Appellant's appeal for failure to file a brief on September 4th, 2014.

Appellant filed the instant PCRA petition, his seventh (7th), on March 12th, 2015, whereby Appellant claims he is serving an illegal sentence pursuant to the holding of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Keith H. Clelland, Esq., was appointed as PCRA counsel on April 8th, 2015. The Commonwealth filed its Response to Appellant's Petition for Post-Conviction Collateral Relief on June 18th, 2015. On July 27th, 2015, this Trial Court notified Appellant of its intention to dismiss his 7th PCRA Petition and Appellant had twenty (20) days to file any Objections. On September 2nd, 2015, and with no Objections filed by Appellant or his counsel, this Trial Court dismissed Appellant's 7th PCRA Petition and also granted Appellant's counsel's Motion to Withdraw Representation.

On September 30th, 2015, Appellant, *pro se*, filed a Notice of Appeal. This Trial Court filed its 1925(b) Order on October 2nd, 2015. Appellant filed his "Concise Statement of Matters Complained Of on Appeal, Pursuant to Pa. R. A. P. 1925(b)" on October 15th, 2015.

**Legal Argument**

In his "Concise Statement of Matters Complained Of on Appeal, Pursuant to Pa. R. A. P. 1925(b)," Appellant argues (1) the Court of Common Pleas of Erie County erred by dismissing his 7th PCRA Petition; (2) the "Deadly Weapon Enhancement" is an element that should have been submitted to the jury and found beyond a reasonable doubt since it increased the penalty of a crime; and (3) Appellant is serving an illegal sentence under 42 Pa. C. S. §9713, according to the ruling made in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014), and *Alleyne v. United States*, 133 S. Ct.

4

2151 (2013). This Trial Court will combine and summarize Appellant's three (3) issues into two (2) issues as follows:

1. **This Trial Court properly dismissed Appellant's 7th PCRA Petition as it is patently untimely and fails to prove any of the timeliness exceptions pursuant to 42 Pa. C. S. §9545(b)(1).**

A PCRA Petition must be filed within one year of the date judgment becomes final unless the petition alleges and the Petitioner proves one of the following exceptions applies:

(i)     The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*42 Pa. C. S. §9545(b)(1)(i)-(iii)*. Any PCRA Petition invoking any of the above exceptions to the timeliness requirement must be filed within sixty (60) days of the date the claim could have been presented. *42 Pa. C. S. §9545(b)(2)*. The Pennsylvania Supreme Court has stated the statute makes clear that where, as here, a PCRA Petition is untimely, it is the petitioner's burden to plead in the Petition and prove that one of the exceptions of 42 Pa. C. S. §9545(b)(1) applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). "That burden necessarily entails an acknowledgment by the petitioner that the PCRA Petition under review is untimely but that one or more of the exceptions apply." *Id.* It is for the petitioner to allege in his Petition and to prove that he falls within one of the exceptions found in 42 Pa. C. S. §9545(b)(1)(i) – (iii). *See Commonwealth v. Holmes*, 905 A.2d 507, 511 (Pa. Super. 2006). As the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in

5

a PCRA Petition that is filed in an untimely manner. *See Commonwealth v. Taylor*, 933 A.2d 1035, 1042-43 (Pa. Super. Ct. 2007).

In the instant PCRA Petition, pursuant to 42 Pa. C. S. §9545(b)(3), Appellant's judgment of sentence became final on February 10th, 2005, when the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal. Therefore, Appellant could have filed a timely PCRA Petition on or before February 10th, 2006. As Appellant filed his 7th PCRA Petition on March 12th, 2015, nine (9) years after his judgment of sentence became final, Appellant failed to timely file his 7th PCRA Petition. However, Appellant alleged his 7th PCRA Petition fell within either the newly-discovered facts exception, pursuant to 42 Pa. C. S. §9545(b)(1)(ii), or the after-recognized constitutional right exception, pursuant to 42 Pa. C. S. §9545(b)(1)(iii).[3] Specifically, Appellant argued, in consideration of the United States Supreme Court's holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013)[4], his current sentence is illegal and his constitutional rights have been violated due to this Trial Court's imposition of the "Deadly Weapon Enhancement," codified at 204 Pa. Code 303.10(a).

Appellant's argument that his 7th PCRA Petition falls within the newly-discovered fact exception, pursuant to 42 Pa. C. S. 9545(b)(1)(ii), is without merit. The newly-discovered fact exception has two components, which must be alleged and proved; namely, the petitioner must establish that (1) the facts upon which the claim was predicated were unknown, and (2) the facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013). However, Pennsylvania courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would trigger the protections

---

[3] As Appellant does not argue his failure to timely file his 7th PCRA Petition was "the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States," pursuant to 42 Pa. C. S. §9545(b)(1)(i), said timeliness exception will not be addressed in this Opinion.

[4] In *Alleyne*, the United State Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), and held because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" of the crime that must be submitted to the jury and cannot merely be determined to be true by a judge's discretion.

6

afforded by 42 Pa. C. S. §9545(b)(1)(ii), as a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the newly-discovered fact exception. *See id* (*citing Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. 2011)); *see also Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012). Thus, Appellant's reliance on the holding in *Alleyne* as a newly-discovered fact is misplaced and cannot be used to invoke the newly-discovered fact exception, pursuant to 42 Pa. C. S. §9545(b)(1)(ii).

Furthermore, Appellant's argument that his 7th PCRA Petition falls within after-recognized constitutional right exception, pursuant to 42 Pa. C. S. §9545(b)(1)(iii), is without merit. A new constitutional rule applies retroactively in a collateral proceeding only if (1) the rule is substantive, i.e. rules that decriminalize conduct or prohibit punishment against a class of persons, or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *See Commonwealth v. Riggle*, 2015 Pa. Super. 147 (*citing Whorton v. Bockting*, 549 U.S. 406 (2007)). Ultimately, the Pennsylvania Superior Court has held the holding in *Alleyne* is not substantive as it does not prohibit punishment for a class of offenders, nor does it decriminalize conduct; rather, the holding in *Alleyne* procedurally mandates the inclusion of facts in an indictment or information, which will increase a mandatory minimum sentence, and a determination by a fact finder of those facts beyond a reasonable doubt. *See id.* Nor does the holding in *Alleyne* constitute a watershed procedural rule. *Id.* Finally, assuming the holding in *Alleyne* did announce a new constitutional right, neither the Pennsylvania Supreme Court nor the United States Supreme Court has held *Alleyne* to be applied retroactively to cases in which the judgment of sentence had become final. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super 2014). Thus, Appellant's reliance on the holding in *Alleyne* as an after-recognized constitutional right is misplaced and cannot be used to invoke the after-recognized constitutional right exception, pursuant to 42 Pa. C. S. §9545(b)(1)(iii).

Additionally, as the instant PCRA Petition is Appellant's 7th PCRA Petition, Appellant was also required to comply with the mandates of *Commonwealth v. Lawson*, 549 A.2d 107, 112 (Pa. 1988)

and its progeny. *See Commonwealth v. Palmer*, 814 A.2d 700, 709 (Pa. Super. 2002). As part of its holding in *Palmer*, the Pennsylvania Superior Court has stated:

> Requests for review of a second or subsequent post-conviction petition will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred... This standard is met only if the petitioner can demonstrate either: (a) the proceedings resulting in his conviction were so unfair that a miscarriage of justice occurred which no civilized society can tolerate; or (b) he is innocent of the crimes charged.

*Id* at 709. Furthermore, in *Palmer*, the Pennsylvania Superior Court stated:

> A *Lawson* determination is not a merits determination. Like the threshold question of timeliness, whether a second petition satisfies the *Lawson* standard must be decided before a PCRA court may entertain the petition. Like an untimely petition, a *Lawson*-barred petition yields a dismissal. The merits are not addressed.

*Id* at 709, footnote 18. As thoroughly stated above, Appellant's reliance on *Alleyne v. United States* to invoke either the newly-discovered facts timeliness exception or the after-recognized constitutional right timeliness exception is without merit and failed to demonstrate Appellant's 7th PCRA Petition was timely filed. Appellant offered no further argument to demonstrate a strong *prima facie* showing that either the proceedings resulting in his conviction were so unfair that a miscarriage of justice occurred which no civilized society can tolerate or that Appellant is innocent of the crimes charged. *See id.* As Appellant failed to meet the *Lawson* standard, his 7th PCRA Petition is time-barred and this Trial Court properly dismissed Appellant's 7th PCRA Petition.

Therefore, as Appellant's 7th PCRA Petition was filed nine (9) years after his judgment of sentence became final, failed to prove any of the (3) timeliness exceptions, pursuant to 42 Pa. C. S. §9545(b)(1) and failed to meet timeliness standards pursuant to *Commonwealth v. Lawson*, Appellant's 7th PCRA Petition is patently untimely and this Trial Court properly dismissed Appellant's 7th PCRA Petition.

2. **Appellant is serving a legal sentence as the holdings in *Alleyne v. United States* and *Commonwealth v. Newman* require any fact that increases the mandatory minimum sentence must be submitted to a jury and found beyond a reasonable doubt, and these decisions have been held not to apply to "Deadly Weapon Enhancements," which were applied to Appellant's sentence.**

8

Appellant argues he is serving an illegal sentence due to the imposition of the "Deadly Weapon Enhancement," in light of the holdings in *Alleyne v. United States* and *Commonwealth v. Newman*. In *Alleyne*, the United States Supreme Court held that, because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" of the crime that must be submitted to the jury and proven beyond a reasonable doubt. *See Alleyne*, 133 S. Ct. 2151, 2158 (2013); *see also Commonwealth v. Newman*, 99 A.3d 86, 98 (Pa. Super. 2015) (holding 42 Pa. C. S. §9714 unconstitutional as it permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, a fact which, under *Alleyne*, must be presented to the jury and found beyond a reasonable doubt).

However, the holding in *Alleyne* dealt strictly with **mandatory minimum sentences**, not **sentencing enhancements**. The Pennsylvania Superior Court distinguished mandatory minimum sentences and sentencing enhancements in *Commonwealth v. Buterbaugh*, 91 A.3d 1247 (Pa. Super. 2014), stating:

> *Alleyne* dealt with factors that either increased the **mandatory minimum sentence** or increased the prescribed sentencing range beyond the statutory maximum, respectively. Our case does not involve either situation; instead, we are dealing with a **sentencing enhancement**. If a sentencing enhancement applies, the sentencing court is required to raise the standard guideline range; however, the court retains the discretion to sentence outside the guideline range. Therefore, the situations addressed in *Alleyne* are not implicated.

*See Buterbaugh*, 91 A.3d at 1269 [emphasis added]; *see also Commonwealth v. Ali*, 112 A.3d 1210, 1226 (Pa. Super. 2015) ("By their very character, sentencing enhancements do not share the attributes of a mandatory minimum sentence that the United States Supreme Court held to be elements of the offense that must be submitted to a jury. Sentencing enhancements do not bind a trial court to any particular sentencing floor, nor do they compel a trial court in any given case to impose a sentence higher than the court believes is warranted, but only require a trial court consider a higher range of

9

possible minimum sentences, which are not binding on a trial court."). In sentencing Appellant, this Trial Court applied the "Deadly Weapon Enhancement," codified at 204 Pa. Code 303.10(a). The "Deadly Weapon Enhancement" only required this Trial Court to consider an enhanced range of minimum sentences and did not bind this Trial Court's sentence to a mandatory minimum. As recent case law has continuously held the "Deadly Weapon Enhancement," along with other sentencing enhancements, do not run afoul of *Alleyne*, this Trial Court properly and legally sentenced Appellant using an enhanced range of minimum sentences.

## Conclusion

For all of the foregoing reasons, this Trial Court concludes the instant appeal is without merit and respectfully requests the Pennsylvania Superior Court affirm its Order dated September 2nd, 2015.

BY THE COURT

Stephanie Domitrovich, Judge

cc: Nathaniel E. Strasser, Assistant District Attorney
John Leggett, #EA5805, SCI Albion, 10745 Route 18, Albion, PA 16475

10