J. S52010/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                             :         PENNSYLVANIA
               v.             :
                             :
CLIFFORD W. BROWN,         :        No. 2435 EDA 2015
                             :
           Appellant   :

Appeal from the PCRA Order, July 13, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0708081-1996

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED OCTOBER 25, 2016**

Clifford W. Brown appeals, ***pro se***, from the order of July 13, 2015,

dismissing his third PCRA[1] petition without a hearing.  We affirm.

In a prior memorandum filed July 8, 2013, affirming the dismissal of

appellant's second PCRA petition, this court set forth the factual and

procedural history of this case as follows:

> We have previously explained the underlying
> facts of this case:
>
> > In the early hours of August 5, 1995,
> > [Appellant] was playing "craps" outside
> > [of] J's Bigshot Bar with Robert
> > Richardson ("Richardson") and the
> > victim, Vaughn Gaillard ("Gaillard").
> > [Appellant] and Gaillard argued

---

* Retired Senior Judge assigned to the Superior Court.

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

throughout the game, with [Appellant] insisting that Gaillard bet at least $100.00. Gaillard responded that [Appellant could not] tell him how to bet.

Gaillard won the game, collected his winnings, and walked towards his car. [Commonwealth witness Dana Lucas[Footnote 1] testified at trial that, as Gaillard was walking away, Appellant] . . . stated to Richardson, "[y]ou're going to let him walk away? You ain't going to handle your business? You know how we do. You either put down or lay down."

> [Footnote 1] Dana Lucas is also known as "Carolyn Eddles." *See*, *e.g.*, Appellant's First PCRA Petition, 1/8/03, at ¶ 17.

Richardson kicked off his shoes, walked into the street, and shot Gaillard three times in the side and back. [Commonwealth witness Henry Jones testified that, after Richardson shot Gaillard, Appellant yelled] "[s]hoot him again! Get his money!" Richardson and [Appellant] then fled. Gaillard was taken to the hospital and shortly thereafter was pronounced dead from th[e] gunshot wounds.

[Appellant] was arrested [and charged with several crimes related to the murder. Following Appellant's jury trial, Appellant was] found guilty of first degree murder, possessing instruments of crime, and criminal conspiracy.[Footnote 2]

> [Footnote 2] 18 Pa.C.S.A. §§ 2502(a), 907, and 903, respectively.

[On July 1, 1997, the trial court sentenced Appellant] to a term of life imprisonment for the [first-degree murder conviction and concurrent terms of imprisonment for the remaining convictions].

*Commonwealth v. Brown*, 754 A.2d 14 (Pa.Super. 2000) (unpublished memorandum) at 1-2.

Appellant filed a direct appeal to this Court and raised a number of claims, including claims of trial court error and a claim that his trial counsel provided him with ineffective assistance. *Id.* at 3. With respect to Appellant's ineffective assistance of counsel claim, Appellant claimed that counsel was ineffective for failing to present the testimony of eyewitness William Hanible. According to Appellant, Mr. Hanible's testimony would have established that "[Appellant] never said anything to Richardson to incite Richardson to shoot Gaillard, and that [Appellant] appeared shocked and amazed when Richardson shot Gaillard." *Id.* at 9.

On February 8, 2000, this Court affirmed Appellant's judgment of sentence, but remanded the case so that the trial court could conduct a limited evidentiary hearing on Appellant's ineffective assistance of counsel claim. *Id.* at 9-10; *see*, *e.g.*, *Commonwealth v. Pearson*, 685 A.2d 551, 558-559 (Pa.Super. 1996) (in the time prior to *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), where an appellant's judgment of sentence was proper on direct appeal, but where the conjoined ineffective assistance of counsel claim had arguable merit, this Court was required to "affirm the judgment of sentence and remand solely for an evidentiary hearing on [the] ineffectiveness claim;" if, following remand, this Court affirmed the denial of the ineffective assistance of counsel claim, the appellant could then file a petition for allowance of appeal with our Supreme Court, contesting both the denial of his ineffective assistance claim and the affirmance of his judgment of sentence).

Following remand, the trial court rejected Appellant's ineffective assistance of counsel claim. We affirmed the trial court's order on June 12, 2001 and, on January 11, 2002, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Brown***, 779 A.2d 1214 (Pa.Super. 2001) (unpublished memorandum) at 1-7, ***appeal denied***, 793 A.2d 904 (Pa. 2002).

Appellant filed his first PCRA petition on January 8, 2003. The PCRA court dismissed this petition on June 10, 2003, we affirmed the PCRA court's order on May 24, 2004, and our Supreme Court denied Appellant's petition for allowance of appeal on October 26, 2004. ***Commonwealth v. Brown***, 855 A.2d 128 (Pa.Super. 2004) (unpublished memorandum) at 1-10, ***appeal denied***, 862 A.2d 1253 (Pa. 2004).[2]

Appellant filed the current PCRA petition – his second – on October 10, 2009. Within this ***pro se*** PCRA petition, Appellant acknowledged that he filed his petition outside of the PCRA's one-year time-bar. Appellant's Second PCRA Petition, 10/10/09, at 7. Appellant, however, claimed that a man named Tyrone Williams had recently come forward with "exculpatory evidence" regarding Appellant's case. ***Id.*** Appellant thus claimed that his PCRA petition

---

[2] [W]ithin Appellant's first PCRA petition (which was filed in 2003), Appellant included and relied upon an affidavit from an individual named Shareef Cato. In his 2003 affidavit, Mr. Cato averred that, immediately before the shooting, Dana Lucas was watching the outside dice game, but was insulted by Appellant. Mr. Cato averred that, following the insult, Ms. Lucas "turned away and went inside the bar" – and that, after Ms. Lucas was inside of the bar, the shooting occurred. Affidavit of Shareef Cato, 12/12/02, at 1-2.

***Commonwealth v. Brown***, No. 3150 EDA 2012, unpublished memorandum at 13 (Pa.Super. filed July 8, 2013).

- 4 -

was timely under the "after-discovered facts" exception to the PCRA's one-year time-bar.[Footnote 3] *Id.*; *see also* 42 Pa.C.S.A. § 9545(b)(1)(ii). Moreover, attached to Appellant's PCRA petition was a sworn affidavit from Mr. Williams[.]

> [Footnote 3] Obviously, in order to satisfy the "after-discovered facts" exception to the PCRA's one-year time-bar, the petitioner need not plead or prove that the evidence was "exculpatory" or that the evidence "would have changed the outcome of the trial." *Commonwealth v. Bennett*, 930 A.2d 1264, 1270-1272 (Pa. 2007) (holding that the PCRA's after-discovered facts exception "merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence") (internal quotations and citations omitted). Our reference to the alleged "exculpatory" nature of Appellant's evidence simply reflects our effort to summarize Appellant's claim.

*Commonwealth v. Brown*, No. 3150 EDA 2012, unpublished memorandum

at 1-5 (Pa.Super. filed July 8, 2013) (brackets in original).

> According to Appellant's memorandum in support of his second PCRA petition, [Williams'] affidavit demonstrates: "[1) that Appellant] was not the one engaged in an argument with the decease[d] over a bet . . . [; 2) that Appellant] did not promote, order, or instruct the shooter to [shoot] the deceased . . . [; and, 3) that] the Commonwealth's key witness (Dana Lucas) did not actually eyewitness the shooting, and was inside the bar when the incident took place and when the shots were fired." Appellant's Memorandum of Law in Support of Second PCRA Petition, 10/10/12, at 15-16.

*Id.* at 6 (brackets in original).

Appellant's second petition was dismissed on October 15, 2012; and this court affirmed on July 8, 2013, holding, *inter alia*, that Williams was merely a newly discovered or newly willing source for previously known facts, and that such evidence does not satisfy the PCRA's after-discovered facts exception to the jurisdictional one-year time-bar. *Id.* at 13, citing *Commonwealth v. Marshall*, 947 A.2d 714, 720, 722 (Pa. 2008). We observed that, "Initially, since Appellant was present at the time of the shooting, Appellant was aware of the alleged 'fact' that Appellant 'was not the one engaged in an argument with the decease[d] over a bet' and that Appellant 'did not promote, order, or instruct the shooter to [shoot] the deceased.'" *Id.* at 12. Furthermore, appellant brought similar claims on direct appeal and in his first PCRA petition. *Id.* at 12-14. Appellant simply reiterated facts that were previously supplied by Hanible and Cato. *Id.*

Our supreme court denied appellant's petition for allowance of appeal from this court's decision affirming the order dismissing his second PCRA petition. *Commonwealth v. Brown*, 82 A.3d 1058 (Pa.Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014), *cert. denied*, ___ U.S. ___, 135 S.Ct. 226 (2014). The instant petition was filed on October 3, 2014. Again, appellant claimed that the after-discovered facts exception applied, this time relying on an August 14, 2014 affidavit from Andre Lewis ("Lewis").

Therein, Lewis alleged that at the hospital after the shooting,[3] he told Lucas to implicate appellant:

> I pulled [Lucas] to the side and told her, you can't just tell them what happened. You have to get [appellant] locked up with [Richardson]. If you are going to tell on [Richardson] you have to put [appellant] in it and get [appellant] off the streets because if you don't something is going to happen to you. [Lucas] asked me how do [sic] she put [appellant] in it, I told her to tell them that after [Richardson] shot [the victim] [appellant] told [Richardson] to shoot him again and take his money.

Affidavit, Andre Lewis, 8/14/14 at 2 (appellant's brief, Exhibit 1). On July 13, 2015, the PCRA court dismissed appellant's petition as untimely and/or previously litigated. This timely appeal followed. Appellant was not ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); however, the PCRA court filed a Pa.R.A.P. 1925(a) opinion on October 5, 2015.

Appellant has raised the following issues for this court's review:

1. Given that [appellant] proved the after-discovered facts exception, did the PCRA court abuse its discretion when it decided that [appellant]'s petition is untimely?

2. Given that the PCRA court did not review the newly-discovered evidence on its merits, did the court abuse its discretion?

3. Did the PCRA court abuse its discretion when it denied [appellant]'s request for permission to amend his PCRA petition?

---

[3] Lewis was a friend of the victim, Gaillard, and drove him to the hospital. (Appellant's brief at 15.)

- 7 -

Appellant's brief at 4.

"Our standard of review in reviewing an order either granting or denying post-conviction relief is limited to examining whether the court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Albrecht**, 720 A.2d 693, 698 n.3 (Pa. 1998) (citation omitted).

> In 1995, the legislature amended the PCRA to require that PCRA petitions must be filed within a certain period of time. These amendments require that any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). These timeliness requirements are jurisdictional. **Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214, 222 (1999). '[A] court has no authority to extend filing periods except as the statute permits.' **Id.** (citation omitted).

**Commonwealth v. Howard**, 788 A.2d 351, 353 (Pa. 2002).

This court affirmed appellant's judgment of sentence on June 12, 2001, and our supreme court denied **allocatur** on January 11, 2002. Therefore, appellant's judgment became final on or about April 11, 2002, after the time for filing a petition for writ of **certiorari** with the United States Supreme Court expired. **See** U.S.Sup.Ct. Rule 13, 28 U.S.C.A. Appellant had until April 11, 2003, one year later, to file a timely PCRA

petition. Since this petition was filed 11½ years after the date on which appellant's judgment became final, then it was obviously filed beyond the one-year time limitation.

> [T]he 1995 amendments afford three narrow exceptions to the one-year time limitation for seeking PCRA relief. One of the exceptions provides that a party is excused from the general one-year filing requirement of the PCRA if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). This exception has come to be known as the after-discovered evidence exception. *See Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581, 592 (1999) (characterizing 42 Pa.C.S.A. § 9545(b)(ii) as "the after-discovered evidence exception to the timeliness requirement"); *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638, 643 (1998) (stating that "the exceptions to [PCRA] filing period encompass government misconduct, after-discovered evidence, and constitutional changes"). Furthermore, as a secondary proviso, the amendments mandate that when a petitioner alleges entitlement to an exception to the one-year time limitation, the petition will only be addressed on substantive grounds if it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Thus, a petitioner relying on the after-discovered evidence exception is further required to file his or her PCRA petition within 60 days of the discovery of the new evidence proffered in support of relief.

*Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 395, 930

A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa.Super. 2001). A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); *Commonwealth v. Yarris*, 557 Pa. 12, 29, 731 A.2d 581, 590 (1999). This rule is strictly enforced. *See* [*Commonwealth v. Vega*, 754 A.2d 714, 718 (Pa.Super. 2000)].

*Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa.Super. 2010),

*appeal denied*, 20 A.3d 1210 (Pa. 2011).

We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. [*Commonwealth v. Abu-Jamal*, 941 A.2d 1263 (Pa. 2008)]. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). A petitioner fails to satisfy the 60-day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier. *Commonwealth v. Breakiron*, 566 Pa. 323, 781 A.2d 94, 98 (2001).

*Marshall*, 947 A.2d at 719-720.

First, we observe that Lewis' affidavit was dated August 14, 2014, and appellant filed his petition on October 3, 2014, within 60 days. However, appellant does not allege when he first became aware of the information in Lewis' affidavit, *i.e.*, that Lewis told Lucas to tell police that appellant urged Richardson to shoot the victim and take his money. Appellant claims that his wife sent him Lewis' affidavit on September 2, 2014. (Appellant's brief

at 10; appellant's reply brief at 4.) However, appellant failed to plead when he first became aware of the facts alleged in Lewis' affidavit, as required by 42 Pa.C.S.A. § 9545(b)(2). The operative date is not the date of Lewis' affidavit, nor when appellant received the affidavit in the mail. ***See Commonwealth v. Holmes***, 905 A.2d 507, 510-511 (Pa.Super. 2006), ***appeal denied***, 917 A.2d 845 (Pa. 2007) ("While Holmes' petition was admittedly filed within sixty days of the date of the Fauntleroy affidavit, there is absolutely no indication that Mr. Fauntleroy drafted the affidavit on the same day that he first approached Appellant and revealed to him the new information. Thus, Holmes failed to demonstrate the predicate requirement that the instant claim was raised within sixty days of the date it first could be presented, and, therefore, he did not sustain his burden of pleading and proving that the after-discovered evidence exception permits him to circumvent the statutory time-bar.").

Furthermore, appellant has failed to demonstrate why this evidence could not have been obtained earlier, with the exercise of due diligence. According to appellant, Lewis was a friend of the victim and drove the victim to the hospital after the shooting. (Appellant's brief at 15.) The alleged conversation between Lewis and Lucas took place in the emergency room of Germantown Hospital. (***Id.***; Lewis affidavit, 8/14/14 at 1.) Initially, Lewis also gave a statement to police inculpating appellant. (Appellant's brief at 15.) Lewis did not testify at trial. (***Id.***) However, appellant does not allege

that he was unaware of Lewis' existence or could not have uncovered this evidence prior to trial through the exercise of reasonable diligence.

Even if appellant could demonstrate that he met the 60-day requirement and that the evidence was not discoverable earlier, with due diligence, he would still not be entitled to relief. As described thoroughly above, this is at least the fourth witness that appellant has found to say essentially the same thing, *i.e.*, that appellant did not order Richardson to shoot the victim. *See Marshall*, 947 A.2d at 720 ("The focus of the exception is 'on [the] newly discovered *facts*, not on a newly discovered or newly willing source for previously known facts.'"), quoting *Commonwealth v. Johnson*, 863 A.2d 423, 427 (Pa. 2004) (emphasis in *Johnson*) (footnote omitted). This court observed on appeal from dismissal of appellant's second PCRA petition,

> Unquestionably, Appellant has long been aware of all three of the alleged "facts" that are contained in Mr. Williams' affidavit. Initially, since Appellant was present at the time of the shooting, Appellant was aware of the alleged "fact" that Appellant "was not the one engaged in an argument with the decease[d] over a bet" and that Appellant "did not promote, order, or instruct the shooter to [shoot] the deceased." Appellant's Memorandum of Law in Support of Second PCRA Petition, 10/10/12, at 15-16. Therefore, with respect to these two aspects of Mr. Williams' affidavit, Appellant's after-discovered facts claim immediately fails.

***Brown***, No. 3150 EDA 2012 at 12.   Appellant keeps finding new witnesses to submit affidavits containing the same averments of fact.   This is not new evidence.

Finally, we address appellant's argument that he should have been granted leave to amend his PCRA petition, after receiving Rule 907[4] notice, to include his investigator's interview of Lewis.   (Appellant's brief at 20.) Pennsylvania Rule of Criminal Procedure 905 provides, "(A) The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time.   Amendment shall be freely allowed to achieve substantial justice."   Pa.R.Crim.P. 905(A).   The transcript of the investigator's interview with Lewis does not add anything material to Lewis' affidavit.   (Appellant's brief at 11-12.)   Lewis does not actually exonerate appellant.   At the end of the interview, Lewis states that, "[The victim] was winning but then he crapped out and tried to leave without paying the fade.   [The victim] went to the passenger side of his car and that's when [Richardson] shot him."   (***Id.*** at 12.)   Lewis does not allege that Lucas' statement to police was false, only that he urged her to "put [appellant] in it."   Lewis' allegations did not constitute after-discovered evidence for PCRA purposes, and the PCRA court did not abuse its discretion in denying appellant leave to amend his petition to include the transcript provided by appellant's investigator.   Certainly, appellant was not prejudiced by the PCRA court's denial of leave to amend.

---

[4] Pa.R.Crim.P. 907.

- 13 -

Lastly, we address appellant's "Application for Post-Submission Communication," filed June 16, 2016. Appellant avers that on June 6, 2016, during the pendency of this appeal, he received an affidavit from Lucas. According to appellant, Lucas confirms what was said by Lewis and also contradicts her own trial testimony. (*Id.* at 2.) At trial, Lucas testified that she heard appellant tell Richardson to shoot the victim, not that she was instructed to say so by Lewis. (*Id.*) Appellant seeks a remand to amend his PCRA petition to include Lucas' affidavit. (*Id.*) Appellant also notes that he has dispatched an investigator to interview Lucas and seeks permission to include any additional exculpatory evidence provided by Lucas. ("Memorandum of Law in Support of Application for Relief," 6/16/16 at 2 n.1.)

On July 15, 2016, appellant filed a "Supplemental Application for Post-Submission Communications," alleging that his investigator interviewed Lucas on June 29, 2016. Appellant attaches a notarized, handwritten question-and-answer sheet in which Lucas exonerates appellant. ("Supplemental Application for Relief," 7/15/16, Exhibit 1.)

We decline appellant's invitation to remand to amend the instant PCRA petition, his third, to include yet another claim of after-discovered evidence

- 14 -

based on Lucas' affidavit. Appellant will have to raise any such claim in a serial PCRA petition.[5]

Order affirmed. Appellant's application and supplemental application for post-submission communication are denied.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2016

---

[5] The PCRA court observed that in his October 10, 2009 PCRA petition, appellant claimed to have after-discovered evidence that Lucas fabricated her trial testimony and that she did not actually witness the shooting. (PCRA court opinion, 10/5/15 at 4.)