**COMMONWEALTH OF PENNSYLVANIA,**
Appellee

v.

**Michael HOLMES, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 13, 2006.

Filed July 31, 2006.

Lee Mandell, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: KLEIN, KELLY and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Michael Holmes appeals from the May 18, 2005 order dismissing his second petition for post-conviction relief because it was untimely filed. We affirm.

¶ 2 On January 13, 1994, a jury convicted Holmes of second-degree murder, robbery, criminal conspiracy, and possessing instruments of crime in connection with the September 22, 1989 armed robbery and shooting of Jerome Harris in Philadelphia. Immediately, the trial court imposed life imprisonment for murder and concurrent terms of imprisonment for the related charges. On July 7, 1995, we affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on February 16, 1996. *Commonwealth v. Holmes,* 446 Pa.Super. 677, 667 A.2d 419 (1995), *appeal denied,* 543 Pa. 724, 673 A.2d 332 (1996).

¶ 3 On February 4, 1997, Holmes filed *pro se* his first PCRA petition. Counsel was appointed to assist him, but counsel later withdrew after filing a "no-merit" letter pursuant to *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988). The PCRA court subsequently dismissed Holmes' petition without hearing. Thereafter, we affirmed the PCRA court's order, and our Supreme Court denied allowance of appeal. *Commonwealth v. Holmes,* 742 A.2d 204 (Pa.Super.1999) (unpublished memorandum at 2), *appeal denied,* 561 Pa. 670, 749 A.2d 467 (1999).

¶ 4 On June 1, 2004, Holmes filed *pro se* the instant PCRA petition, his second.[1] Counsel was appointed, and on January 6, 2005, counsel filed an amended petition. On May 18, 2005, following proper notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition without hearing as being untimely filed. This appeal followed.

¶ 5 Holmes presents the following question for our review:

Is [Holmes] entitled to a remand to the PCRA Court for an evidentiary hearing where the PCRA Court denied such a hearing, and where its findings otherwise were not supported by the record and not free of legal error[?]

Appellant's brief, at 3.

¶ 6 In reviewing the propriety of the PCRA court's dismissal of the petition, we are limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. *Commonwealth v. Halley,* 582 Pa. 164, 169 n. 2, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr,* 768 A.2d 1164, 1166 (Pa.Super.2001). Further, a PCRA court may decline to hold a hearing on the petition if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. *Commonwealth v. Jordan,* 772 A.2d 1011, 1014 (Pa.Super.2001). A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. *Id.,* 772 A.2d at 1014.

¶ 7 The PCRA petition at issue was filed on June 1, 2004; thus, it is governed by the 1995 amendments to the PCRA, which were enacted on November 17, 1995, and became effective sixty days

---

1. Pursuant to the prisoner mailbox rule, a *pro se* PCRA petition is considered filed on the date it was delivered to prison authorities for mailing. *See Commonwealth v. Castro,* 766 A.2d 1283, 1287 (Pa.Super.2001); *Common-* *wealth v. Little,* 716 A.2d 1287, 1289 (Pa.Super.1998). As Holmes' petition is postmarked June 1, 2004, we deem it to have been filed by that date.

later. *Commonwealth v. Murray*, 562 Pa. 1, 4, 753 A.2d 201, 202 (2000). Under those amendments to the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The time limitations imposed by the PCRA implicate our jurisdiction; therefore, they may not be altered or disregarded in order to address the merits of a petition. *Id.* at 6, 753 A.2d at 203. In the instant case, Holmes' judgment of sentence became final on May 16, 1996, ninety days after our Supreme Court affirmed the judgment of sentence on February 16, 1996, and the period to file a petition for a writ of *certiorari* in the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (for PCRA purposes, judgment of sentence becomes final at conclusion of direct review, including discretionary review in the United States Supreme Court or the Supreme Court of Pennsylvania, or at expiration of time for seeking review); U.S.Sup.Ct.R. 13 (effective October 2, 1995) (petition for writ of *certiorari* deemed timely when filed within ninety days after discretionary review has been denied by state's highest court). Therefore, in order to comply with the filing requirements of the PCRA, Appellant's petition had to be filed by May 16, 1997. As the petition was not filed until June 1, 2004, it is patently untimely.

■ ¶ 8 Section 9545 provides the following three exceptions that allow for review of an untimely PCRA petition: (1) petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; and (3) a newly-recognized constitu-

tional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). To invoke an exception, the petitioner must plead it explicitly and satisfy the burden of proof. *Commonwealth v. Beasley*, 559 Pa. 604, 610, 741 A.2d 1258, 1261–62 (1999). In addition, any exception must be raised within sixty days of the date the claim could have been presented. 42 Pa. C.S.A. § 9545(b)(2).

■ ¶ 9 In the present case, Holmes invokes the after-discovered evidence exception to the PCRA time-bar. His claim relies upon the affidavit of Stephen G. Fauntleroy, wherein Mr. Fauntleroy attests that he witnessed Jerome Harris's murder and could identify the assailant as someone other than Holmes. Although the investigating officers interviewed Mr. Fauntleroy shortly after the September 1989 shooting, at that time, Mr. Fauntleroy stated that he was not able to describe the shooter. Now, however, approximately fifteen years later, Mr. Fauntleroy explains that he was evasive during his police interview because he was afraid that the actual perpetrator would harm him if he cooperated with the police investigation, and he asserts, "[the assailant's] image is burned into [his] memory as if [the murder] occurred yesterday." *See* PCRA Petition, 6/1/04, at Exhibit A. According to Mr. Fauntleroy, he approached Holmes with this information while they both were incarcerated at the SCI–Rockview.[2]

¶ 10 Initially, we observe that Holmes failed to satisfy his burden of proving that he raised his after-discovered evidence claim within sixty days of the date the new facts were first discovered pursuant to 42 Pa.C.S.A. § 9545(b)(2). Holmes did not disclose the date Mr. Fauntleroy first informed him that he knew that Holmes did not kill Jerome Harris. While Holmes'

**2.** We observe that Holmes was confined in SCI–Mahoney in Frackville, Pennsylvania, on the date he filed the present petition. *See* PCRA Petition, 6/1/04.

petition was admittedly filed within sixty days of the date of the Fauntleroy affidavit, there is absolutely no indication that Mr. Fauntleroy drafted the affidavit on the same day that he first approached Appellant and revealed to him the new information. Thus, Holmes failed to demonstrate the predicate requirement that the instant claim was raised within sixty days of the date it first could be presented, and, therefore, he did not sustain his burden of pleading and proving that the after-discovered evidence exception permits him to circumvent the statutory time-bar. *See* 42 Pa.C.S.A. § 9545(b)(2); *Beasley,* 559 Pa. 604, 741 A.2d 1258 (petitioner must plead or prove that statutory exception applies).

¶ 11 In addition, even assuming that Holmes raised the instant after-discovered evidence claim within the sixty-day time period outlined in 42 Pa.C.S.A. § 9545(b)(2), no relief is due. To invoke the after-discovered evidence exception to the PCRA time-bar successfully, Holmes must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) the evidence is not being used solely to impeach credibility; and (4) the evidence would likely compel a different verdict. *Commonwealth v. D'Amato,* 579 Pa. 490, 519, 856 A.2d 806, 823 (2004).

¶ 12 Herein, Holmes' claim is unavailing because the after-discovered evidence would not compel a different verdict. Simply stated, two witnesses identified Holmes as the person who shot Jerome Harris. First, following the shooting, on February 6, 1990, Charles Johnson signed a police statement, wherein he identified Holmes as the shooter. During trial, however, Mr. Johnson testified that, although the signature on the police statement was his own, he did not recall the specifics of the incident or remember identifying Holmes as

the shooter. N.T. Trial, 1/11/94, at 64. In response, the Commonwealth had the investigating police detective, Edward Rocks, read the substance of Mr. Johnson's interview into the record before the jury, including his positive identification of Holmes as the shooter. In addition, Tyrell Beckett, an associate of Mr. Fauntleroy, testified during trial that Holmes was one of the assailants who robbed him at gunpoint and minutes later, robbed and shot Jerome Harris. N.T. Trial, 1/11/94, at 207–208, 213–220. Thus, the Commonwealth presented adequate evidence of Holmes' guilt beyond a reasonable doubt notwithstanding Mr. Fauntleroy's delayed proclamation of Holmes' innocence. Accordingly, the after-discovered evidence would not compel a different verdict. *Cf. Commonwealth v. Johnson,* 841 A.2d 136 (Pa.Super.2003) (where second eyewitness identified murderer, proffered recantation testimony of single witness was not of character and nature that would compel different verdict). Therefore, Holmes cannot prevail upon his after-discovered evidence claim, and the PCRA court did not abuse its discretion in dismissing the petition without hearing. *See Jordan,* 772 A.2d 1011.

¶ 13 Having found that Holmes' PCRA petition was untimely filed and that no exception to the statutory time-bar applied, we affirm the PCRA court's order dismissing the petition without hearing.

¶ 14 Order affirmed.

¶ 15 KLEIN, J. files a Dissenting Opinion.

DISSENTING OPINION BY KLEIN, J.:

¶ 1 I respectfully dissent. Since Fauntleroy's affidavit was dated April 6, 2004, and Holmes filed his PCRA petition within 60 days of that date, I would find that Holmes has properly pled and proved the after-discovered evidence exception to the

PCRA time requirement. *See* 42 Pa.C.S. § 9545(b)(2). Therefore, I would reverse the PCRA court's summary dismissal and remand for a hearing on the PCRA petition.

¶ 2 I believe that the statement *was* after discovered evidence because in the initial statement to the police, Fauntleroy said he did not see the shooter, but later told Holmes he did see the assailant and could testify that it was not Holmes. I believe the 60–day timeliness requirement was met, since it is not possible to file a PCRA petition based on new evidence merely because someone makes a comment. It is necessary to have an affidavit before one can *file* a PCRA petition so that it can be demonstrated that there really is a witness willing to come forth and what that witness would say. Until that affidavit is obtained, no petition will be successful. Here, there is no showing there was any delay in obtaining the affidavit, and the petition was filed within 60 days of the affidavit, therefore within 60 days of the time the new evidence was in hand and could be submitted to the court.

¶ 3 The petition, filed on June 1, 2004 while Holmes was confined in SCI–Mahoney in Frackville, relied upon the April 6, 2004 affidavit of Stephen Fauntleroy. In the affidavit Fauntleroy attests that he had witnessed the murder and could identify the assailant as someone other than defendant Holmes. In his affidavit, Fauntleroy asserts that that he would explain that he was a friend of the victim and was hiding behind a parked car while the robbery and murder occurred, and that when police interviewed him, he did not volunteer any description of the shooter because he was afraid to get involved. Fauntleroy also states in his affidavit that he approached defendant Holmes while they both were incarcerated at SCI–Rockview, but he does not identify when this occurred.

¶ 4 The PCRA court determined that since the witness was known to defendant and gave a statement to police, this is not after-discovered evidence. As the exculpatory evidence was not contained in the initial statement to police, the court, therefore, dismissed the petition without a hearing.

¶ 5 The majority, however takes a different approach, finding that Holmes did not meet his burden of pleading and proving that he filed the petition within 60 days of becoming aware of Holmes' statement. *See* 42 Pa.C.S. § 9545(b)(2). The majority states that even though the petition was filed within 60 days of the *date of the affidavit,* "there is absolutely no indication that Mr. Fauntleroy drafted the affidavit on the same day that he first approached Appellant and revealed to him the new information. Thus Holmes failed to demonstrate the predicate requirement that the instant claim was raised within sixty days of the date it first could be presented, and therefore, he did not sustain his burden of pleading and proving that the after-discovered evidence exception permits him to circumvent the statutory time-bar." Majority Memorandum, at 511

¶ 6 The majority cites to *Commonwealth v. Beasley,* 559 Pa. 604, 741 A.2d 1258 (1999) to support this conclusion. I disagree with the majority's reasoning and I believe the majority's reliance on *Beasley* is misplaced. In my opinion, *Beasley* supports my view that the petition was filed within the 60–day period required under section 9545(b)(2).

¶ 7 In *Beasley,* our Supreme Court stated:

[To] qualify for any of the exceptions found in paragraph (b)(1)(i)-(iii), one must not only satisfy the substantive requirements of the exception provision, but must also file a petition invoking that exception within sixty days of the

date the claim could have been filed. 42 Pa.C.S. § 9545(b)(2). *The affidavit on which appellant relies in support of this claims is dated May 23, 1990. As his current petition was not filed until January 16, 1997, appellant has failed to meet the sixty-day requirement.* *Id.* at 1262 (emphasis added).

¶ 8 Notably, the *Beasley* Court used the *date of the affidavit* and *the date the PCRA petition was filed* as the guideposts. Here, applying that principle, the requirements of section 9545(b)(2) were met.

¶ 9 Further, in *Commonwealth v. Burkhardt,* 833 A.2d 233 (Pa.Super.2003), appellant averred in his PCRA petition that the facts upon which his claim was predicated were unknown to him and could not have been ascertained with due diligence prior to November 12, 1999, the date upon which Robert Paul O'Neill, a material witness at Burkhardt's trial, signed an affidavit relating the facts surrounding his testimony at that trial. We stated:

> Such an allegation of after-discovered evidence brings a PCRA petition within the permissible time limitations found in 42 Pa.C.S. § 9545(b)(1)(ii) and (b)(2). The distinguished trial judge found the petition to be timely filed, inasmuch as it was filed within sixty days of the date O'Neill executed his affidavit. We accept Judge Georgelis's finding and proceed to our review of the denial of PCRA relief.

*Id.* at 236 (emphasis added); *cf. Commonwealth v. Gallman,* 838 A.2d 768, 774 n. 6 (Pa.Super.2003) (even if petition had set forth proper offer of proof, the latest date on which relevant time period would have commenced would have been July 8, 2001, when Stroman signed the affidavit; Gallman did not file amended PCRA petition until December 27, 2001, well beyond the sixty-day deadline).

¶ 10 I also disagree with the PCRA court's determination and the majority's alternative argument that the evidence does not qualify as after-discovered evidence. This is not recantation testimony. Fauntleroy was an eyewitness to the murder, and attests that he told the police that he did not see the shooting because he was afraid, but in fact he was hiding behind a car and saw the assailant and it was not Holmes. The facts upon which Holmes' claims are predicated "were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). In essence, even though defense counsel had a statement from Fauntleroy, that statement was useless to the defense because it indicated Fauntleroy did not see the assailant. Further, one of the two witnesses who identified Holmes testified at trial that he did not remember identifying Holmes as the shooter. (N.T. Trial, 1/11/94, at 64).

¶ 11 Based on the record before us, I would reverse and remand for a hearing on Holmes' PCRA petition.