J-S78045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHAWN A. ROSS, | : | |
| | : | |
| Appellant | : | No. 1712 MDA 2013 |

Appeal from the PCRA Order entered on August 28, 2013
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0004498-1997

BEFORE: GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JANUARY 26, 2015**

Shawn A. Ross ("Ross"), *pro se*, appeals from the Order dismissing his fifth Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Following a conviction for first-degree murder and related offenses, Ross was sentenced to life in prison plus nine and one-half to nineteen years in prison. This Court affirmed the judgment of sentence on November 17, 1999, and the Supreme Court of Pennsylvania denied allowance of appeal on May 25, 2000. ***See Commonwealth v. Ross***, 748 A.2d 1254 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 758 A.2d 1198 (Pa. 2000).

Ross subsequently filed multiple PCRA Petitions. The PCRA court dismissed the Petitions, and this Court affirmed the Orders. ***See***

*Commonwealth v. Ross*, 13 A.3d 981 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 21 A.3d 1193 (Pa. 2011); *Commonwealth v. Ross*, 935 A.2d 21 (Pa. Super. 2007) (unpublished memorandum); *Commonwealth v. Ross*, 905 A.2d 1048 (Pa. Super. 2006) (unpublished memorandum); *Commonwealth v. Ross*, 864 A.2d 583 (Pa. Super. 2004) (unpublished memorandum).[1]

On August 20, 2012, Ross filed the instant PCRA Petition. The PCRA court filed a Notice of Intention to Dismiss the Petition without a hearing, and subsequently dismissed the PCRA Petition on August 28, 2013. Ross filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Ross raises the following questions for our review:

1. Whether the [PCRA] court erred in failing to extend the holding in *Miller v. Alabama*[, 132 S. Ct. 2455 (2012),] to [Ross,] who was under the age of twenty-five years old at the time of the offense?

2. By relying upon the recent developments in the area of juvenile psychological and physical maturation, does not the findings by the United States Supreme Court in *Miller v. Alabama*, constitute after-discovered evidence within the meaning of the [PCRA], an exception to the time constraints under the [PCRA], 42 Pa.C.S.A. § 9545(b)(1)(iii)?

Brief for Appellant at 4 (numbers added).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA

---

[1] Ross also filed a Petition for writ of *habeas corpus* with the United States District Court for the Eastern District of Pennsylvania, which was denied on February 4, 2001. *See Ross v. Kyler*, 2002 WL 188713 (E.D. Pa. 2002).

level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

In this case, Ross's judgment of sentence became final on August 23, 2000, after the ninety-day period to file a writ of certiorari with the Supreme Court of the United States expired. **See** 42 Pa.C.S.A. § 9545(b)(3); **Commonwealth v. Holmes**, 905 A.2d 507, 510 (Pa. Super. 2006). Thus, Ross's fifth PCRA Petition, filed on August 20, 2012, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of

these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id*. § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Ross claims that the Supreme Court's recent decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), implicates the exception at 42 Pa.C.S.A. § 9545(b)(1)(iii).[2]  *See* Brief for Appellant at 7-8, 10, 12.  In *Miller*, the Court held that sentencing schemes which mandate life in prison without parole for defendants, who committed their crimes while **under the age of eighteen**, violate the Eighth Amendment's prohibition on "cruel and unusual punishments."  *Miller*, 132 S. Ct. at 2460.  The Court reasoned that, in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment. *Id*. at 2469.[3]

Ross avers that the *Miller* rationale should be extended to include his sentence of life without the possibility of parole, even though he was twenty-

---

[2] We note that Ross properly filed his PCRA Petition invoking the third exception within sixty days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

[3] We note that the Supreme Court of Pennsylvania has determined that the *Miller* decision should not be applied retroactively. *See Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013).  On June 9, 2014, the Supreme Court of the United States denied the petition for *writ of certiorari* in *Cunningham*.  *See Cunningham v. Pennsylvania*, 134 S. Ct. 2724 (2014).  However, on December 12, 2014, the Supreme Court of the United States, in *Toca v. Louisiana*, --- S.Ct. ----, 2014 WL 4743531 (2014), granted a petition for *writ of certiorari* to determine whether *Miller* applies retroactively.

four years old at the time he committed the murder. Brief for Appellant at 7-10, 13. Ross relies on the scientific and psychological evidence relied upon by the **Miller** Court to justify extending the **Miller** holding to persons under the age of twenty-five, who commit crimes that carry a mandatory life sentence. **Id**. at 7-10, 11; **see also id**. at 13 (wherein Ross argues that the case should be remanded for an evidentiary hearing on the science cited in **Miller**). Ross also argues that his sentence was illegal, as it violated the Equal Protection Clause of both the Pennsylvania and the United States Constitutions. **Id**. at 10-11.

In **Miller**, the Supreme Court set forth a bright-line rule holding mandatory sentences of life without parole unconstitutional for defendants under the age of eighteen. **Miller**, 132 S. Ct. at 2460. Because Ross was twenty-four years old at the time he committed the murder, **Miller** does not apply. **See Commonwealth v. Chambers**, 35 A.3d 34, 43 (Pa. Super. 2012) (stating that only a precise creation of a constitutional right can afford relief on a timeliness exception under the PCRA). Accordingly, Ross has failed to meet the exception provided in 42 Pa.C.S.A. § 9545(b)(1)(iii) to overcome the untimeliness of his Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2015