J-S34003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY DUANE SMITH | : | |
| | : | |
| Appellant | : | No. 671 WDA 2018 |

Appeal from the PCRA Order April 9, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0016177-1999

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY DUBOW, J.:                **FILED AUGUST 13, 2019**

Appellant, Anthony Duane Smith, appeals from the April 9, 2018 Order dismissing as untimely his fourth Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

On February 26, 2001, following a bench trial, the court convicted Appellant of First-Degree Murder[1] and sentenced him to life imprisonment without parole. This Court affirmed the judgment of sentence on May 7, 2004, and our Supreme Court denied Smith's petition for allowance of appeal on October 12, 2004. **Commonwealth v. Smith**, 855 A.2d 137 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 860 A.2d 123 (Pa. 2004). Appellant did not seek review with the United States Supreme Court.  His

___

[1] 18 Pa.C.S. § 2502(a).

___

*   Retired Senior Judge assigned to the Superior Court.

Judgment of Sentence, therefore, became final on January 10, 2005. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13.

Appellant subsequently filed three unsuccessful PCRA Petitions. On June 9, 2017, Appellant filed the instant counseled PCRA Petition, his fourth. In this Petition, Appellant asserted, *inter alia*, that he is entitled to relief based on newly discovered evidence: (1) an affidavit from Christopher Williams, which states that his son, Darius Williams, admitted to murdering the victim; and (2) an affidavit from witness, John Balistrieri, Sr., presenting additional alibi information that he did not testify to at trial. Petition for Relief under the Post-Conviction Relief Act ("PCRA Petition"), filed 6/9/17, at 2-5 (unpaginated).

On March 1, 2018, the PCRA court issued a Notice pursuant to Pa.R.Crim.P. 907, advising Appellant of its intent to dismiss his Petition without a hearing. Appellant filed a timely Response. On April 9, 2018, after considering Appellant's Response, the PCRA court dismissed Appellant's Petition as untimely.

Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the PCRA Court err by dismissing [Appellant's] petition as untimely filed?

2. Did the PCRA Court err by dismissing [Appellant's] claims for relief without a hearing?

- 2 -

    3. Should the case be remanded due to second PCRA counsel's failure to file a timely PCRA petition?

Appellant's Br. at 7.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain this PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite). The PCRA's timeliness requirements are jurisdictional in nature, and neither this Court nor the PCRA court have the authority to address the merits of the issues raised if the appellant did not timely file the PCRA petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme

Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1). Although not specifically stated, Appellant's arguments implicate the exception provided by subsection 9545(b)(1)(ii), the "newly discovered facts exception." This timeliness exception requires the PCRA petitioner to plead and prove that: (1) the facts upon which the claim was predicated were unknown; and (2) the facts could not have been ascertained by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii); *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007). Additionally, an appellant who invokes an exception must file his claim within 60 days of the date the claim could have been presented.[2] *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000).

When there is an outstanding appeal on a prior PCRA petition, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition. *Id.* Thus, the subsequent petition must be filed within 60 days of the date of the order which finally resolves the previous PCRA

---

[2] *See* 42 Pa.C.S § 9545(b)(2). Effective December 24, 2018, Section 9545(b)(2) now provides that, for claims arising on December 24, 2017, or after, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented."

- 4 -

petition—the first date the claim could have been presented. *Id.* (citing 42 Pa.C.S. § 9545(b)(2)).

As stated above, Appellant's Judgment of Sentence became final on January 10, 2005. Thus, to be timely, Appellant needed to file his PCRA Petition by January 10, 2006. Appellant's fourth PCRA Petition, filed on June 9, 2017, more than twelve years after his Judgment of Sentence became final, is facially untimely.

Appellant avers that newly discovered facts render this Petition reviewable. First, he asserts that Balistrieri, a witness who testified at Appellant's trial, would have provided additional testimony to support an alibi defense if he had been properly questioned. Appellant's Br. at 16-17.

This claim does not meet the newly discovered facts exception. Balistrieri's willingness to provide information that he could have provided at the time of trial does not present a newly discovered fact. Rather, he is a known source who wants to supplement his prior testimony. Thus, the facts were not unknown and could have been ascertained by the exercise of diligence. *See, e.g.*, *Commonwealth v. Johnson*, 863 A.2d 423, 427 (Pa. 2004) (concluding that information contained in an affidavit from a trial witness did not meet newly discovered facts exception because the exception focuses on newly discovered facts, not on a newly willing source for previously known facts); *Commonwealth v. Brown*, 111 A.3d 171, 178 (Pa. Super.

2015) (concluding witness's willingness to come forward and elaborate on his trial testimony did not meet the newly discovered facts exception).

Appellant also claims as a newly discovered fact that he recently learned that Christopher Williams' son, Darius, admitted to killing the victim. Appellant's Br. at 16. However, he has not explained how and when he learned of these details. Consequently, Appellant has not pleaded and proved that he could not have ascertained this information by the exercise of due diligence. *See* 42 Pa.C.S. § 9545(b)(1)(ii); *Bennett, supra* at 1272; *see e.g., Commonwealth v. Holmes*, 905 A.2d 507, 510-11 (Pa. Super. 2006) (concluding that the appellant did not sustain his burden of pleading and proving the newly discovered evidence exception because the affidavit in which the witness attested that someone else murdered the victim did not disclose when the witness first informed the appellant of this information).

Appellant also argues that the newly discovered facts exception applies because his second PCRA counsel provided ineffective assistance by failing to file his second PCRA petition timely. Appellant's Br. at 18. However, he concedes that he has raised this issue for the first time on appeal. *Id.* at 7. Because Appellant failed to raise this claim below, it is waived. *See* Pa.R.Crim.P. 902(B) (stating that that failure to state each ground relied upon in support of the requested relief in the PCRA petition "shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief"); Pa.R.A.P. 302(a) ("Issues not raised in the lower court

are waived and cannot be raised for the first time on appeal"); **_Commonwealth v. Burton_**, 936 A.2d 521, 525 (Pa. Super. 2007) ("exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal").

We conclude that Appellant has not pleaded and proved the applicability of any of the PCRA's timeliness exceptions and, therefore, we are without jurisdiction to consider the merits of this appeal. The PCRA court properly dismissed Appellant's PCRA Petition as untimely, and its Order is free of legal error.[3]

Order affirmed.

Judge Colins joins the memorandum.

Judge McLaughlin concurs in result.

---

[3] Additionally, Appellant's claim that the PCRA court violated Pa.R.Crim.P. 905(B) and 907 by not explaining the reason behind its intent to dismiss without a hearing and by not ordering an amended petition so he could correct any defects is meritless. Appellant's Br. at 13. The record shows that after the PCRA court reviewed Appellant's Petition and the Commonwealth's Answer, the court complied with Rule 907 by giving notice to Appellant of its "intention to dismiss the [] matter without a hearing as [the] Petition [was] barred by the one (1) year statute of limitations." Notice of Intention to Dismiss Pursuant to Pa.R.Crim.P. 907, filed 3/1/18. **_See_** Pa.R.Crim.P. 907 (stating that if the PCRA court finds no relief is due based on its review of the petition and record, "the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal"). Further, the court was not required to order an amended petition pursuant to Rule 905(b) because the Petition was not defective. **_See_** Pa.R.Crim.P. 905, cmt. (defining "defective" as "inadequate, insufficient, or irregular").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2019