J-S42035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANKIE RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 3181 EDA 2019 |

Appeal from the PCRA Order Entered September 20, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1009231-2005

BEFORE: PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:            **FILED DECEMBER 15, 2020**

Frankie Rodriguez ("Rodriguez") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Counsel for Rodriguez has filed an Application to withdraw from representation, and a No-Merit Letter pursuant to **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988), and **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_). We grant counsel's Application to withdraw, and affirm the Order of the PCRA court.

In its Opinion, the PCRA court summarized the history underlying this appeal as follows:

> On May 10, 2004, Albert Lorenzano ("Lorenzano") died from a shotgun blast to the back of his head. His body was found in an alley off [of] Redfield Street in Philadelphia. [Ronald Philmore

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

("Philmore")] identified [Rodriguez] as having walked down that alley with [Lorenzano].  Minutes later, [Philmore and Darlene McCoy] heard a loud blast and [Rodriguez] emerged, alone, from the alley.

Dr. Gregory McDonald, an Assistant Medical Examiner, testified that [Lorenzano] died from a shotgun wound to the neck and head[,] which pierced the spinal cord.  The gunshot wound was "devastating[,]" and caused [Lorenzano] to collapse immediately.

PCRA Court Opinion, 12/16/19, at 1-2 (quoting Trial Court Opinion, 11/16/09, at 1-2).  As the PCRA court explained, at the jury trial,

[Rodriguez] testified in his own defense and denied having killed [Lorenzano].  He also presented evidence from an alibi witness alleged to be romantically involved with him, a fact he denied.

[Rodriguez] was tried [in August 2007,] and the jury found him guilty of first-degree murder and possessing instruments of crime[ ("PIC"),[2]] generally, [] on August 23, 2007.  On October 17, 2007, [Rodriguez] received a sentence of life imprisonment on the murder conviction[,] and a consecutive sentence of two and one-half to five years' incarceration on the [PIC] conviction. Following the imposition of sentence[, Rodriguez] filed a [N]otice of [A]ppeal[,] and on August 18, 2010, the Superior Court affirmed the judgment of sentence.  ***Commonwealth v. Rodriguez***, 11 A.3d 1030 (Pa. Super. 2010) ([unpublished memorandum]).  [Rodriguez thereafter filed a [P]etition for allowance of appeal in the Pennsylvania Supreme Court, which[,] on March 9, 2011, denied the [P]etition.  ***Commonwealth v. Rodriguez***, 20 A.3d 486 (Pa. 2011)].

On February 6, 2012, [Rodriguez] filed a *pro se* PCRA [P]etition.  Barnaby Wittels, Esquire ("Attorney Wittels"), thereafter entered his appearance and on March 7, 2014, [Attorney] Wittels filed an [A]mended [P]etition alleging that trial counsel had been ineffective for not properly investigating the matter[,] and for not calling as defense witnesses certain persons named in the [A]mended PCRA [P]etition that would have testified

---

[2] ***See*** 18 Pa.C.S.A. §§ 2502(a), 907.

that [Rodriguez] did not kill [Lorenzano]. Counsel thereafter filed a [S]upplemental [A]mended [P]etition on July 6, 2017.[FN]

_____

[FN] [Attorney] Wittels was relieved as counsel and on April 1, 2019, Stephen T. O'Hanlon, Esquire [("PCRA counsel")], was appointed to represent [Rodriguez].

PCRA Court Opinion, 12/16/19, at 2-3 (one footnote added, one footnote in original).

On September 20, 2019, following an evidentiary hearing, the PCRA court denied Rodriguez's Petition. Thereafter, Rodriguez filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. In his Concise Statement, Rodriguez presented the following claims for appellate review:

[1. Whether] the PCRA court's decision to [deny Rodriguez's] PCRA Petition was not supported by the record and free from legal error in that [Rodriguez] credibly testified that he notified trial counsel of the real shooter in the underlying murder[,] but [Rodriguez] was afraid to testify as to this at trial[,] and trial counsel was ineffective and could have found an alternate means to implicate this other individual[?]

[2. Whether] trial counsel was [] ineffective for failing to investigate exculpatory witnesses that credibly testified at an evidentiary hearing that [Rodriguez] was not the shooter[?] ….

*See* No-Merit Letter at 3 (paragraph notations added; capitalization omitted).

A ***Turner/Finley*** no-merit letter must (1) detail the nature and extent of counsel's review; (2) list each issue the petitioner wished to have reviewed; and (3) include an explanation of why the petitioner's issues were meritless. ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009).

- 3 -

"Counsel must also send to the petitioner (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007). If counsel has met the above requirements, we then conduct an independent review of the petitioner's issues to determine if they are in fact without merit. ***Commonwealth v. Muzzy***, 141 A.3d 509, 511 (Pa. Super. 2016). If we conclude that the claims are without merit, we then grant counsel's petition to withdraw. ***Id.***

Our review discloses that PCRA counsel has complied with the dictates of ***Turner***/***Finley***. PCRA counsel has filed an Application to withdraw and filed a ***Turner***/***Finley*** No-Merit Letter and forwarded them to Rodriguez. Finally, PCRA counsel informed Rodriguez of his right to hire a new lawyer or file a *pro se* response.[3] Accordingly, we next address whether this appeal, in fact, lacks merit. ***See Muzzy***, ***supra***.

As our Supreme Court has explained,

[u]pon reviewing an order in a PCRA matter, we must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this court applies a *de novo* standard of review to the PCRA court's legal conclusions. We must

---

[3] Rodriguez has not hired new counsel, and has not filed a *pro se* response to PCRA counsel's Application and No-Merit Letter.

keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Rodriguez first claims that his trial counsel rendered ineffective assistance by not implicating another person in the shooting. No-Merit Letter at 3. According to Rodriguez, he identified the perpetrator to his trial counsel. ***Id.*** Rodriguez argues that counsel failed to find an "alternative means" to implicate "this other individual[.]" ***Id.*** At the PCRA hearing, Rodriguez testified that he told his trial counsel that he saw another individual, with a gun, in the area. N.T., 9/20/19, at 5. Rodriguez knew the person as "Shiz" (phonetic spelling), which, he believed, was slang for "Shawn." ***Id.*** Rodriguez now argues that his counsel should have found a way to implicate this person in the murder, without Rodriguez's testimony. No-Merit Letter at 6.

In its Opinion, the PCRA court set forth the appropriate law regarding a claim of ineffective assistance of counsel, addressed this claim, and concluded that it lacks merit. ***See*** PCRA Court Opinion, 12/16/19, at 4-10. We agree with the sound reasoning of the PCRA court and affirm on this basis with

regard to Rodriguez's first claim.[4,5] *See id.*

Rodriguez also claims that his trial counsel rendered ineffective assistance by not investigating exculpatory witnesses. No-Merit Letter at 3.

To prove that trial counsel provided ineffective assistance for failing to call a witness, a petitioner must demonstrate that

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Brown*, 196 A.3d 130, 167 (Pa. 2018).

Rodriguez identified only Hall and Pedro as potential exculpatory witnesses. The PCRA court deemed the testimony of those witnesses to be incredible. *See* PCRA Court Opinion, 12/16/19, at 10. Consequently, Rodriguez has failed to demonstrate how the absence of their testimony was

---

[4] In particular, we observe that the PCRA court deemed incredible the testimony of Rodriguez, Donald Pedro ("Pedro"), and Rasheem Hall ("Hall"). PCRA Court Opinion, 12/16/19, at 10. We will not disturb the PCRA court's credibility determination, as it is supported in the record. *See Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015) (recognizing that "[a] PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." (citation omitted)).

[5] There is a typographical error in a citation on page 4 of the PCRA court's Opinion. The citation at issue should read *Commonwealth v. Holmes*, 905 A.2d **507**, 509 (Pa. Super. 2006) (emphasis added). In addition, the citation to *Commonwealth v. Martins*, 1 A.3d 868, 888 (Pa. 2010), found on page 9 of the PCRA court's Opinion, was replaced by the Pennsylvania Supreme Court at *Commonwealth v. Martin*, 5 A.3d 177, 197 (Pa. 2010).

so prejudicial as to have denied him a fair trial. ***See Brown***, 196 A.3d at 167.

Thus, Rodriguez's ineffectiveness claim fails. ***See id.***

Because there is no merit to Rodriguez's claims, we grant counsel's Application to withdraw, and affirm the Order of the PCRA court denying Rodriguez's Petition for relief.

Application granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2020

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : PHILADELPHIA COURT |
| | : OF COMMON PLEAS |
| | : CRIMINAL TRIAL DIVISION |
| | : |
| v. | : CP-51-CR-1009231-2005 |
| | : |
| | : |
| | : |
| | : |
| FRANKIE RODRIGUEZ | : |
| | : |

## OPINION

Appellant, Frankie Rodriguez, has appealed from an order entered on September 20, 2019, denying him post-conviction collateral relief which he sought under the Post-Conviction Relief Act (hereinafter PCRA). 42 Pa.C.S. § 9541 *et seq.* It is respectfully suggested that the decision be affirmed.

## PROCEDURAL AND FACTUAL HISTORY

Appellant was charged with various crimes including murder, generally, and possessing instruments of crime, generally, for the shooting death of Albert Lorenzano on May 10, 2004. The facts supporting Appellant's conviction were set forth by this Court in its prior opinion dated November 16, 2009, as follows:

> On May 10, 2004, Albert Lorenzano died from a shotgun blast to the back of his head. His body was found in an alley off Redfield Street in Philadelphia. [Ronald Philmore] identified defendant as having walked down that alley with the decedent. Minutes later [Philmore and Darlene McCoy] heard a loud blast and defendant emerged, alone, from the alley.

1

> The Commonwealth also presented the testimony of Daniel Harold, who after being released from jail, sought work with defendant. Defendant told Mr. Harold that he "laid down" [killed] the decedent because the decedent came up short and did not turn over the correct amount of money for selling drugs on defendant's behalf.
>
> Dr. Gregory McDonald, an Assistant Medical Examiner, testified that the decedent died from a shotgun wound to the neck and head which pierced the spinal cord. The gunshot wound was "devastating" and caused the decedent to collapse immediately.

Trial Court Opinion, 11/16/09, at 1-2.

Appellant testified in his own defense and denied having killed the victim herein. He also presented evidence from an alibi witness alleged to be romantically involved with him, a fact he denied.

Appellant was tried before this Court and a jury in August of 2007 and the jury found him guilty of first-degree murder and the possessing instruments of crime, generally, charge on August 23, 2007. On October 17, 2007, Appellant received a sentence of life imprisonment on the murder conviction and a consecutive sentence of two and one-half to five years' incarceration on the possessing instruments of crime, generally, conviction. Following the imposition of sentence Appellant filed a notice of appeal and on August 18, 2010, the Superior Court affirmed the judgment of sentence. Commonwealth v. Rodriguez, 11 A.3d 1030 (Pa. Super. 2010) (Table). Appellant thereafter filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which on March 9, 2011, denied the petition. Commonwealth v. Rodriguez, 20 A.3d 486 (Pa. 2011) (Table).

On February 6, 2012, defendant filed a *pro se* PCRA petition. Barnaby Wittels, Esquire, thereafter entered his appearance and on March 7, 2014, Mr. Wittels filed an

amended petition alleging that trial counsel had been ineffective for not properly investigating the matter and for not calling as defense witnesses certain persons named in the amended PCRA petition that would have testified that Appellant did not kill the victim herein. Counsel thereafter filed a supplemental amended petition on July 6, 2017.[1]

On September 20, 2019, this Court held an evidentiary hearing on Appellant's claim that trial counsel did not properly investigate the matter and call several persons as witnesses in his defense. At the conclusion of the hearing, this Court found the testimony presented by Appellant to lack credibility and issued an order denying Appellant PCRA relief. Appellant thereafter filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.

DISCUSSION

Appellant raised the following issue in his 1925(b) Statement:

> THE PCRA COURT'S DECISION TO DISMISS
> APPELLANT'S PCRA PETITION WAS NOT
> SUPPORTED BY THE RECORD AND FREE FROM
> LEGAL ERROR IN THAT APPELLANT CREDIBLY
> TESTIFIED THAT HE NOTIFIED TRIAL COUNSEL OF
> THE REAL SHOOTER IN THE UNDERLYING
> MURDER BUT APPELLANT WAS AFRAID TO
> TESTIFY AS TO THIS AT TRIAL AND TRIAL
> COUNSEL WAS INEFFECTIVE AND COULD HAVE
> FOUND AN ALTERNATE MEANS TO IMPLICATE
> THIS OTHER INDIVIDUAL. TRIAL COUNSEL WAS
> ALSO INEFFECTIVE FOR FAILING TO
> INVESTIGATE EXCULPATORY WITNESSES THAT
> CREDIBLY TESTIFIED AT AN EVIDENTIARY
> HEARING THAT APPELLANT WAS NOT THE
> SHOOTER. TRIAL COUNSEL WAS INEFFECTIVE,
> APPELLANT SUFFERED PREJUDICE, AND A NEW
> TRIAL SHOULD HAVE BEEN ORDERED.

---

[1] Mr. Wittels was relieved as counsel and on April 1, 2019, Stephen T. O'Hanlon, Esquire, was appointed to represent Appellant.

It is submitted that this claim lacks merit and therefore, it is suggested that the order entered by this Court denying Appellant PCRA relief should be affirmed for the following reasons.

In reviewing the propriety of the PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. Commonwealth v. Holmes, 905 A.2d 707, 509 (Pa. Super. Ct. 2006) citing Commonwealth v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997).

Pennsylvania law presumes counsel is effective and therefore, the burden is placed upon the defendant to prove otherwise. Commonwealth v. Brown, 767 A.2d 576, 581 (Pa. Super. 2001), citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (Pa. 1999), citing Commonwealth v. Marshall, 633 A.2d 1100 (Pa. 1993); see also Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992). Trial counsel has broad discretion in matters of trial strategy and the determination of what tactics to employ during litigation.

4

Commonwealth v. Choi Chun Lam, 684 A.2d 153, 160 (Pa. Super. 1996). Furthermore, "[i]t is well established that failed trial tactics of defense counsel are not grounds for a new trial." Commonwealth v. Hall, 565 A.2d 144, 148 (Pa. 1989). Trial counsel will not be held ineffective if there was a reasonable strategic basis for his or her trial tactics. Commonwealth v. Pursell, 724 A.2d 293, 311 (Pa. 1999).

In order to establish that trial counsel's representation was deficient, defendant must establish all of the following three elements, as set forth in Commonwealth v. Pierce, 527, A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011), citing Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008).

The threshold question in reviewing an ineffectiveness claim is whether the issue, argument, or tactic which trial counsel failed to use at trial and which is the basis of the ineffectiveness claim is of arguable merit. Commonwealth v. Balodis, 747 A.2d 341, 343 (Pa. 2000). If defendant can prove that the argument or tactic which trial counsel failed to use at trial is of arguable merit, then the "reasonable basis" test is applied to determine if the course of action chosen by trial counsel was designed to effectuate his or her client's interest. Id. With regard to the second element, defendant must prove that "an alternative [action or inaction] not chosen offered a potential for success substantially greater than the course actually pursued." Chmiel, supra, citing Commonwealth v. Williams, 899 A.2d 1060, 1064 (Pa. 2006) (alteration added). To establish prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the

5

outcome of the proceeding would have been different. Chmiel, supra, at 1127-28, citing Dennis, supra, at 954.

Further, "[i]f it is clear that if a defendant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." Commonwealth v. Rios, 920 A.2d 790, 799 (Pa. 2007), citing Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998). A PCRA proceeding requires a defendant to establish that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Rios, supra, citing Pierce, supra, at 221–22; Commonwealth v. Kimball, 724 A.2d 326, 333 (Pa. 1999).

During the evidentiary hearing, Appellant took the witness stand and opened his testimony by averring that he did not shoot the victim. (N.T. 9/20/19, 4-5). He admitted being in the area when and where the shooting occurred and that he saw an African American male he identified as Shiz, who he knew from seeing in the neighborhood, retrieve something Appellant assumed to be a shotgun, a fact he testified that he related to trial counsel, who said he would "take care of it" but instead did not interview possible witnesses or investigate Shiz. (N.T. 9/20/19, 5-6, 13-14, 18).

Appellant indicated that after he was convicted and incarcerated he encountered two men named Donald Pedro and Rasheem Hall. (N.T. 9/20/19, 6-7). Mr. Pedro met both men while incarcerated and after they said that they had information helpful to Appellant's case, he advised both men to contact his then attorney and relate to counsel

6

what they knew about his case. (N.T. 9/20/19, 7-11). Appellant denied pressuring either man to assist him in his case. (N.T. 9/20/19, 7, 11).

During cross-examination, the prosecutor elicited numerous inconsistencies between Appellant's testimony during the hearing and at trial, which concerned who he saw and when certain events occurred the evening of the shooting. One of the salient inconsistencies elicited involved whether the victim went into the alley prior to be killed with another man. At trial Appellant stated that he went into the alley with a male whose description matched the male he identified during the evidentiary hearing as Shiz. During the evidentiary hearing, Appellant testified that two different men went into the alley at different times and that Shiz did so when the victim was shot. Appellant explained the discrepancy during the evidentiary hearing by testifying that the victim went into the alley with another male some time before he did so with Shiz. (N.T. 9/20/19, 28-30).

Appellant also admitted that he withheld information when he testified during his trial because he was afraid and reiterated that he and the woman who testified in his defense at trial was merely an acquaintance at the time of the shooting, which the prosecutor showed during the evidentiary hearing was not true. (N.T. 9/20/19, 36-38, 42-57).

Rasheem Hall testified that he was present when the shooting occurred and that he heard the gunshot but did not witness it. (N.T. 9/20/19, 61, 63). He further stated that he did not observe Appellant enter or exit the alley at the time when the shooting occurred and that he saw a black-skinned guy he did not know leave the alley and get into a car. (N.T. 9/20/19, 61-62). He added that he did not see Appellant with a shotgun on the night

of the shooting and that no one contacted him prior to Appellant's trial. (N.T. 9/20/19, 63). Finally, Mr. Hall testified that no one pressured him to come forward on Appellant's behalf and that he did so voluntarily. (N.T. 9/20/19, 63-68).

Mr. Donald Pedro, who knew Appellant from seeing Appellant in prison and on the "streets" testified that he was in close proximity to the alley in which the victim was killed the night the incident occurred. He stated that he heard a gunshot, saw someone hit a fence carrying what looked to him to be a 12 gauge shotgun, which he pushed under a fence, after which he jumped over the fence. (N.T. 9/20/19, 79-80, 88). He described the male as being a tall, dark-skinned African-American male. (N.T. 9/20/19, 80).

Mr. Pedro indicated that he never saw Appellant in the area where the shooting occurred, an area that he said he would go to after arguing with his girlfriend. (N.T. 9/20/19, 79-81). He further stated that while incarcerated, he encountered Appellant and after Appellant told him why he was in prison, he exclaimed that it was "crazy" that Appellant was incarcerated for the murder because "the person that supposed to had [sic] done whatever happened didn't fit [Appellant's] description. (N.T. 9/20/19, 82-83).

Mr. Pedro added that he was very good friends with one of Appellant's cousins, a man named Raheem Strickland and that Mr. Strickland did not pressure him to come forward. (N.T. 9/20/19, 83-84). Following the conversation with Appellant's cousin Pedro prepared affidavits that were attached to Appellant PCRA petition and introduced as a defense exhibit during the evidentiary hearing. (N.T. 9/20/19, 84-85).

On cross-examination, Mr. Pedro testified that he ducked down after hearing the shot because he did not want the male he saw leaving the alley to see him. (N.T. 9/20/19, 91). He further indicated that he had not previously seen that male before that day. (N.T.

8

9/20/19, 92). Upon so testifying, the prosecutor pointed out that in his affidavit, Mr. Pedro stated that he had seen the shooter numerous times and that his name was "Cuzzo."

Instantly, this Court denied relief on this claim because it found the testimony Appellant gave and that of his two witnesses wholly lacking in credibility. The Pennsylvania Supreme Court has repeatedly stated "that there is no justification for an appellate court, relying upon a cold record, to review the fact-finder's first-hand credibility determinations." Commonwealth v. White, 734 A.2d 374, 381 (Pa. 1999) (citations omitted). "Questions of credibility and conflicts in the evidence presented are for the trial court to resolve, not our appellate courts... As long as sufficient evidence exists in the record which is adequate to support the finding found by the trial court, as factfinder, [an appellate court is] precluded from overturning that finding and must affirm, thereby paying the proper deference due to the factfinder who heard the witnesses testify and was in the sole position to observe the demeanor of the witnesses and assess their credibility." Commonwealth v. Myers, 722 A.2d 649, 651-52 (Pa. 1998) (citation omitted).

These same standards apply to PCRA hearings and credibility determinations made by a PCRA court at the conclusion of an evidentiary hearing. The PCRA court's credibility determinations, when supported by the record, are binding on an appellate court. Commonwealth v. Spotz, 18 A.3d 244, 259 (Pa. 2011). The PCRA court, as the fact finder at a PCRA hearing, is in the best position to evaluate witness credibility and determine the facts. See Commonwealth v. Martin, 1 A.3d 868, 888 (Pa. 2010) (stating that fact-based findings of a PCRA court, "which hears evidence and passes on credibility

9

of witnesses, should be given great deference, particularly where [...] the PCRA court judge also served as the trial court judge.").

Instantly, this Court found Appellant's testimony to be incredible because it was self-serving and contradictory to testimony he presented during his trial. It simply did not ring true that another male entered the alley before the victim did with the shooter and that although Appellant stated that he knew the shooter, he did not reveal the shooter's name during his trial.

Similarly, the Court did not believe any of the testimony presented by the two alleged witnesses. Hall's testimony did not match the evidence presented during the trial that showed that the alley was accessible only from one way because of the amount of trash in it. Pedro's testimony was deemed incredible because he said he never saw Appellant in that area, a location Appellant himself said he often frequented, and because Pedro's testimony was directly contradicted by the contents of an affidavit he signed.

Accordingly, for all of the foregoing reasons, it is respectfully suggested that the order entered by this Court denying Appellant PCRA relief be affirmed.

CONCLUSION

Based on the foregoing, the order denying PCRA relief should be affirmed.

DATE: 10/16/19

By the Court.

Honorable Jeffrey P. Minehart

10

## CERTIFICATE OF SERVICE

I, Stacy Bauer, secretary to the Honorable Jeffrey P. Minehart, hereby certifies that on the _____ day of December, 2019, copies of the attached opinion were sent to the individuals named below by first-class mail:

Lawrence Goode, Esquire
Chief-Appeals Unit
Philadelphia District
Attorney's Office
3 South Penn Square
Philadelphia, PA 19107


Stephen O'Hanlon, Esquire
2 Penn Center-15th and JFK Blvd.
Suite 1410
Philadelphia, Pa. 19102


Stacy Bauer

11