J-S27008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CKARON MERCEL HANDY | : | |
| | : | |
| Appellant | : | No. 1001 EDA 2022 |

Appeal from the PCRA Order Entered March 24, 2022
In the Court of Common Pleas of Bucks County
Criminal Division at No:  CP-09-CR-0000504-2013

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 3, 2023**

Appellant, Ckaron Mercel Handy, appeals from the March 24, 2002 order entered in the Court of Common Pleas of Bucks County denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The factual background and procedural history of the instant matter are undisputed.  Briefly, following a jury trial, Appellant was found guilty of second-degree murder, robbery, and possessing instruments of crime. Appellant timely filed an appeal with this Court, alleging that the trial court erred in denying his pre-trial motion for discharge.  We affirmed.  ***See Commonwealth v. Handy***, 400 EDA 2015, unpublished memorandum (Pa. Super. filed November 18, 2016).

As the PCRA court explained:

On December 19, 2016, Appellant filed a counseled Petition for Allowance of Appeal to the Pennsylvania Supreme Court.

[***Commonwealth v. Handy***, 908 MAL 2016]. On January 19, 2017, the Bucks County Clerk of Courts sent a letter to Appellant, which enclosed copies of the documents available in their file and directed Appellant to contact the Superior Court if he wished further information. The Bucks County Clerk of Courts then received two additional *pro se* letters from Appellant requesting information on the status of his case. The Clerk replied with a copy of Appellant's status sheet as requested. On May 10, 2017, the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal. [***See Commonwealth v. Handy***, 908 MAL 2016, 5/10/17].

On November 30, 2021, Appellant filed his PCRA Petition. After the Commonwealth filed an answer, on March 3, 2022, [the PCRA court] issued a notice of Intent to Dismiss Appellant's PCRA Petition pursuant to Pa.R.Crim.P. 907 as the Petition was time-barred and Appellant had not pleaded any claims that would entitle him to relief. On March [24], 2022, [the PCRA court] issued an Order dismissing Appellant's PCRA Petition.

PCRA Court Opinion, 5/26/22, at 6.

This appeal followed. On appeal, Appellant raises the following issues for our review:

I.   The petition should be deemed timely filed.
II.  Both trial and appellate counsel were ineffective for failing to argue that the verdict was against the weight of the evidence.
III. Trial counsel was ineffective for stipulating to the admission of prejudicial expert testimony baselessly suggesting that the gun used to kill Battista was also used to kill Doggett.
IV.  Trial counsel was ineffective for not objecting to the prosecutor's improper closing argument.
V.   Appellate counsel was ineffective for not raising an argument concerning the prosecution's concerted effort to improperly characterize the scene of the crime as a war zone.
VI.  Trial counsel was ineffective for failing to adequately show how [Appellant] was prejudiced by the pre-arrest delay in bringing this matter to trial.

Appellant's Brief at 4 (unnecessary capitalization omitted).

> When reviewing the propriety of an order pertaining to PCRA relief,

> we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

*Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[1] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. (Frank) Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the

---

[1] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008). If it is not timely, we cannot entertain the review of the substantive claims raised in the petition. ***Id.***

It is undisputed that the instant petition is facially untimely.[2] However, Appellant argues that it meets the newly discovered facts exception.[3] The newly discovered fact is, according to Appellant, the

_____

[2] Our Supreme Court denied Appellant's petition for allowance of appeal on May 10, 2017. Appellant, therefore, had ninety days from that date to file a petition for a writ of certiorari with the United States Supreme Court. ***See*** U.S.Sup.Ct.R. 13.1. Because Appellant did not file a such a petition, his judgment of sentence became final on August 8, 2017. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Appellant had one year from August 8, 2017, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). The instant PCRA petition was filed on November 30, 2021, more than four years from August 8, 2017. The instant petition is, therefore, facially untimely.

[3] The exception requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. ***See Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017); Section 9545(b)(1)(ii). Due diligence requires that the petitioner "take reasonable steps to protect his own interests." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted). However, it does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Shiloh***, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted). As such, "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." ***Id.*** (citation omitted). "[A] petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence." ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001)

- 4 -

discovery that his counsel abandoned him, depriving him of collateral review by failing to file a timely PCRA petition. In support, Appellant relies on *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007) and *Commonwealth v. Peterson*, 192 A.3d 1123 (Pa. 2018).[4]

In *Bennett,* our Supreme Court held that while "claims of ineffective assistance of counsel do not invoke the exception under section 9545(b)(1)(ii), and an allegation of abandonment by counsel falls within the ambit of that exception." *Commonwealth v. (Carl) Chester*, 163 A.3d 470, 473 (Pa. Super. 2017). For purposes of Section 9545(b)(1)(ii),

_____

[4] Notably, Appellant's discussion of the merits of the claims raised here (Issues II through VI) spans over 17 pages of his appellate brief, whereas the discussion of the timeliness of the instant petition is essentially one paragraph, to wit:

> Here, as in *Bennett* and *Peterson*, [Appellant] was erroneously led to believe that his collateral appeal rights had been preserved by counsel that had actually abandoned him. Based on his course of communication with his appellate counsel, and the lack of any closing documents, [Appellant] thought his appeal was still pending with the Supreme Court. He labored under the mistaken belief for years until he filed the instant petition. But because of his appellate counsel's complete failure to follow through and *seek review from the Supreme Court*, and if necessary, timely inform [Appellant] of any subsequently final decision, [Appellant] was completely deprived "of PCRA review" by "attorney error," and the timeliness exception thus applies. *See Peterson*, 192 A.3d at 1130.

Appellant's Brief at 20 (emphasis added).

In passing, we are unsure why Appellant argues that prior counsel failed to seek review in the Supreme Court. As noted above, he did. *See Commonwealth v. Handy*, 908 MAL 2016, 5/10/17.

abandonment means complete deprivation of the petitioner's right to review by a court. *See Peterson*, 192 A.3d at 1131.

In *Peterson*, our Supreme Court held that counsel's negligence *per se* in filing an untimely PCRA petition constitutes adequate grounds to permit the filing of a new PCRA petition beyond the one-year time bar pursuant to the exception in subsection 9545(b)(1)(ii). *Peterson*, 192 A.3d at 1125.

*Bennett* and *Peterson* both assume there is counsel, whether appointed or privately retained, and that counsel fails to take appropriate action. These conditions are not satisfied here.

Regarding counsel's failure to file a PCRA petition, Appellant assumes, without providing any evidence of it, that counsel was appointed or retained for the purpose of pursuing PCRA relief. Appellant, in fact, suggests that it was more of an understanding between counsel and Appellant that counsel would file a PCRA petition on his behalf. In other words, Appellant has no evidence that counsel was retained or appointed to assist him in the PCRA proceedings, or that counsel agreed to file a PCRA petition on his behalf.

Even if we were to find that Appellant had counsel, that counsel took it upon himself to file a PCRA petition, and that Appellant was not aware of counsel's misdeeds, Appellant still fails to prove the second prong of the "newly discovered facts" exception, *i.e.*, these unknown facts could not have been ascertained by the exercise of due diligence.

Here, there is not even an allegation as to when Appellant "discovered" counsel's alleged omissions,[5] and what step he took to uncover said omissions.[6] Based on Appellant's own recitation of facts, Appellant did nothing to find out about the status of his PCRA petition. Appellant's Brief at 16, 20.[7]

_____

[5] Failure to identify when the facts became known to petitioner generally results in petitioner's inability to prove the timeliness of an otherwise untimely PCRA petition. *See Commonwealth v. Holmes*, 905 A.2d 507, 511 (Pa. Super. 2006) (concluding that the appellant did not sustain his burden of pleading and proving the newly discovered evidence exception because the affidavit in which the witness attested that someone else murdered the victim did not disclose when the witness first informed the appellant of this information).

[6] In *Peterson*, but not here, "the PCRA court made factual findings that Peterson did not know about the untimely filing and could not have ascertained this fact through the exercise of due diligence." *Peterson*, 192 A.3d at 1130-31. In *Bennett*, the Supreme Court held that the petitioner alleged sufficient due diligence, for purposes of the Section 9545(b)(1)(ii) time-bar exception, where petitioner provided a description of steps he took to ascertain the status of his case, including writing to the PCRA court and the Superior Court.

The instant matter is similar to *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). In *Carr*, we found that appellant, through the exercise of due diligence, could have ascertained counsel's failure to file a direct appeal prior to the one-year time limitation of the PCRA ("A phone call to his attorney or the clerk of courts would have readily revealed that no appeal had been filed," *id*. at 1168). Accordingly, we concluded that "absent assertions of due diligence, the mere discovery of trial counsel's failure to file a direct appeal, after the one-year window to file a PCRA petition, d[id] not place [a]ppellant under subsection 9545(b)(1)(ii)." *Id.*

[7] Compare Appellant's interest in finding out about the status of his petition for allowance of appeal with Appellant's conduct regarding the status of the PCRA petition. In connection with the petition for allowance of appeal,
*(Footnote Continued Next Page)*

- 7 -

Neither **Bennett** nor **Peterson** excuses PCRA petitioners from pleading and proving that counsel's ineffectiveness was unknown to petitioner <u>and</u> that it could not have been discovered with the exercise of due diligence. ***See***, ***e.g.***, ***Commonwealth v. Harris***, 2021 WL 1148521, at *4 (Pa. Super. March 25, 2021); ***Commonwealth v. Lilly***, 2021 WL 796682, at *2 (Pa. Super. March 2, 2021) (while claims of ineffectiveness "*per se* may, in limited circumstances, qualify a petition as timely under the newly-discovered facts exception, the petitioner must plead and prove to the PCRA court that these new 'facts' were previously unknown to the petitioner and could not have been ascertained by the exercise of due diligence.").[8]

In light of the foregoing, we conclude that Appellant failed to plead and prove that the newly discovered fact exception is applicable here. Accordingly, we affirm the order of the PCRA court dismissing Appellant's PCRA petition as untimely.

Order affirmed.

---

*(Footnote Continued)*

Appellant contacted the Bucks County Clerk of Courts on three separate occasions; regarding the PCRA petition, Appellant, based on his own recitation of the facts, did not contact his attorney, the lower court, this Court, or the Supreme Court.

[8] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/3/2023